Butler, Appellant, *vs.* Barr *et al.*, Respondents.

|        |         |
|--------|---------|
| 18     | 357     |
| 62a    | 595     |

|        |         |
|--------|---------|
| 18     | 357     |
| 130    | 301     |

1. Under the act concerning "roads and highways," (R. C. 1845,) an overseer appointed to open a road cannot deviate from the route designated by the commissioners, against the consent of the owner over whose land the road passes. Where two objects, distant from each other, are marked by the commissioners, as designating the route of the road, the presumption is that the road is located on a straight line from one object to the other, if nothing appears to the contrary from their report or other official action.

2. The testimony of the commissioners, after they have ceased to be such, is not admissible to vary the legal import of their report.

3. County courts having jurisdiction of the subject matter of opening roads, the order appointing an overseer to open a road is sufficient to protect him from liability as a trespasser on account of irregularity in the proceedings previous to the order.

### Appeal from Daviess Circuit Court.

This was an action of trespass for throwing down fences and destroying trees on plaintiff's land. The defendants justified by alleging that they did the acts complained of, in opening a public road which had been established by the Daviess county

court, after proceedings had in conformity to the act concerning "roads and highways," (R. C. 1845;) that the plaintiff consented to the passage of the road over his land; that the defendant, Barr, acted as road overseer under an appointment by the county court, and the other defendants were hands allotted to him by the proper officer to work on the road.

On the trial, the defendants, to show the establishment of the road, gave in evidence a record of the county court, embracing a petition for the opening of the road, the order appointing three commissioners to view and mark out the same, the report of the commissioners, the order for the opening of the road, and the order appointing defendant, Barr, overseer, which last was as follows:

"*Ordered*, That Andrew Barr be appointed overseer on county road, district No. 46, from the end of Stephen Noel's lane to Moses Netherton's."

The admission of this record in evidence was objected to, on the ground that the order did not show that Barr was appointed overseer to cut out and open a road across plaintiff's land, and also on the ground of alleged irregularities in the proceedings previous to the order.

In the report of the commissioners, the plaintiff was mentioned as one of the owners over whose land the road was to pass, and as consenting thereto, but there was nothing in the report to show the precise location of the road across his land. It appeared in evidence that the commissioners marked a tree on each side of the plaintiff's field, to designate the points of entrance and exit of the road, but made no marks within the field. The road, as opened by the defendants, ran through the field in a circuitous course, and not on a straight line from one tree to the other. The defendants proved by the testimony of Brown, one of the commissioners, that the road, as opened, ran through the plaintiff's field, about on the line on which the commissioners determined to locate it, which evidence was objected to by the plaintiff.

The plaintiff, by way of rebutting evidence, produced the

Butler *v.* Barr.

original report of the commissioners, and offered to prove that the signature of Brown thereto was not written by him, but by another person, without authority from or consultation with him. This evidence was not admitted.

The plaintiff, among other instructions, asked the following, which was refused:

" If the jury find that the viewers of the road mentioned in the answer marked certain trees on opposite sides of plaintiff's inclosure as being on the line of such road, and omitted to select and lay out the route of such road between those trees, then, by law, the overseer was bound, in opening such road, to open the same on a straight line between such trees, and had no right to deviate from such line."

In lieu of the instructions asked by the plaintiff, the court gave the following:

" If the defendants, or any of them, in the alleged opening a road, pulled down more of the plaintiff's fence than was necessary to open such road, or cut down or injured any fruit or shade trees of the plaintiff, not on the line of the said road, or opened the said road on a line not previously viewed out by the commissioners and established by the county court, without the consent of the plaintiff, as against such as thus acted, the jury will assess damages for all trespasses committed, either in pulling down more fence than was necessary in opening the road, or in cutting down any trees not in the line of the road, or in opening the road on a line different from that on which it was viewed and established, unless the plaintiff consented to such variation from the line of the road, as viewed and established."

The plaintiff took a nonsuit, and appeals to this court.

*Abell & Stringfellow*, for appellant. 1. The defendants cannot justify under the order appointing Barr overseer, without showing that the previous proceedings were in strict conformity to law. No presumption is to be made in favor of the action of the court or commissioners. 1 Denio, 141, 158. 8 Porter, 99, 104. 6 Shep. 340. 16 Vt. Rep. 246. 5

Leigh, 612. 1 Mon. 57. 2. The report of the commission-
ers did not show the route of the road by courses, distances or
monuments. There was nothing to show that the commission-
ers had viewed and marked out a road across the plaintiff's
field. It is the duty of the commissioners, and not of the
overseer to view, mark and lay out the road. 3. If, however,
marking the trees on each side of the field be held to imply a
location of the road between the points, then it is clear that
the road must run in a straight line from one to the other. 4.
If it be admitted that, as a general principle, an officer can
justify under an order regular on its face, yet, in this case,
there was no order to open any road through plaintiff's inclo-
sure. He was not appointed overseer to open the road, as
provided by the statute. His authority only extended to keep-
ing open and in repair a road already opened. 5. It was com-
petent for the plaintiff to dispute the regularity of the proceed-
ings by evidence outside of the record.

SCOTT, Judge, delivered the opinion of the court.

1. The questions involved in this controversy, are new and
of some importance. This judgment must be reversed, for the
refusal of the court to give the instruction, to the effect, that
the overseer, in opening a road, should follow the marked trees
on the line of the road, and where two trees are marked on the
line of a road, and nothing more appears from the report of
the commissioners or otherwise, a straight line from one of these
trees to the other, is the line of the road in contemplation of
law. This was the turning point of the case, and the law
should have been distinctly put to the jury. The instructions
given in lieu of those asked, evaded this question.

It must be obvious to all, that it would be unwise to trust
an overseer of a road with the power to change its location at
his discretion, against the will of the owner of the land over
which the road passes. The public would frequently suffer,
even if it could be done with the consent of the owner. When

we consider the mode pointed out by law, for viewing and locating roads, the qualifications of the commissioners, their number, we cannot for a moment suppose, that it was intended that their action should be changed or varied by a road overseer. This officer may be wholly irresponsible, and yet, under such authority, influenced by malice or some worse motive, he may do a proprietor over whose land the road passes, a great injury. After the care taken to have a road located by commissioners, it never was designed that an overseer should change its location to suit his notions of public utility. An owner of land may not object to the road as marked by the commissioners, and yet would strenuously oppose a change made by the overseer, and under this power, there would be no mode of redress, whereas objections can be taken to the report of the viewers. There may arise difficulties from the vagueness of the report of the commissioners, in the application of this rule, but, like all other rules, it should have a reasonable and practical application. Certainly it should have that degree of stringency which will restrain overseers from indulging their malice to the serious injury of those over whose land the road may pass. When two objects or trees on a line, distant from each other, are designated or marked by the road commissioners, and nothing appears to the contrary from their report, the presumption is, that the road, from the one object to the other, is located on a straight line.

2. When the viewers have reported, and the road is ordered to be opened, they are then *functi officio,* and their opinions as to where the road should be, can avail nothing. They cannot vary or change the legal import of their report by their parol testimony. They, like any other witness, may be examined to show that the road opened is on the line designated in the report.

3. We know the looseness with which all the proceedings in relation to the surveying and opening of roads are conducted in our courts; indeed the members of those courts are not re-

quired to be skilled in the law, nor are they sought from the legal profession.  To apply to such proceedings the technical rules which, in some places, govern courts of limited jurisdiction, would put a stop to all road opening in this state.  It would be great injustice to require a road overseer to ascertain whether all the steps, previous to his appointment, were regular, and to hold him a trespasser in the event of their turning out to be otherwise.  The employment is forced upon him under a penalty ; he receives no compensation ; under such circumstances, whilst acting in good faith, the order appointing him should be a protection from all litigation, on the score of the courts having deviated from the law, as it clearly possessed jurisdiction of the subject matter.  Frequently the roads are very loosely described in the orders appointing road overseers ; under such circumstances, evidence out of the record must be admissible to show for what districts they were appointed. The order appointing Barr road overseer for district No. 46, was a sufficient warrant in law to justify the opening, as well as the working or repairing of that district.

The other judges concurring, the judgment is reversed and the cause remanded.