The State ex rel. Fulkerson v. Emmerson.

---

THE STATE ex-rel. FULKERSON, Appellant, v. EMMERSON.

1. **Appeal**: FEE BILL. The fact that an appeal has been allowed does not deprive the clerk of the right to issue a fee bill for fees earned in the case.

2. **Execution**: EXEMPTION, TO BE CLAIMED WHEN. A defendant entitled to claim property as exempt from execution, may exercise his right at any time before the property is sold. It need not be before the commencement of the sale.

3. **Instructions.** An instruction is erroneous if there be no evidence upon which it can be based.

74 607
34a 399

74 607
38a 355

74 607
40a 69
74 607
44a 469

74 607
47a 275
74 607
51a 621

74 607
115 86

74 607
75a 14

74 607
78a 26

74 607
84a 57

74 607
91a 639

*Appeal from Johnson Circuit Court.*—Hon. Noah M. Givan,.
Judge.

Reversed.

Instruction number two, given for defendant, is as fol-
lows :   The burden of proof is upon relator to show that
prior to the time said mule was offered for sale by defend-
ant Emmerson, relator claimed it as exempt from execu-
tion, and unless relator did so claim said property, and give
notice of his claim to defendant Emmerson prior to the
time said mule was offered for sale, the jury will find for
defendants.

Instruction number three, asked by plaintiff and re-
fused, is as follows :   If relator was the head of a family
at the time of the seizure and sale by the sheriff, and gave
notice before the sale that he claimed the mule as exempt,
then the jury will find for relator, and it is wholly imma-
terial whether he had other property or not.   The sheriff
must yield to the defendant's selection, and release to him
the property selected, not to exceed $300.   The execution
debtor and not the officer has the right of selection.

*G. N. Elliott* with *Land & Sparks* for appellant.

When an appeal is granted, and bond filed, the whole·
power of the court below ceases.   The costs and fees in
the fee bill belonged to the Supreme Court, and not the
circuit court.   The fee bill was void on its face, and was
no protection to the sheriff on the. levy and sale.   Wag.
Stat., art. 12, p. 1057, § 9 to 12 ;   Wag. Stat., p. 1060, § 19 ;
*Brill v. Meek,* 20 Mo. 358 ;  *Ladd v. Couzins,* 35 Mo. 513 ;
*Stewart v. Stringer,* 41 Mo. 400 ;  *People v. Center Pac Coast,* 54
Cal. 236 ;  *s. c.,* L. J.(1880,) p. 40 ;  *Fleming v. McLean,* 7 Cent
L. J. 262.   Plaintiff's instructions should have been given.
*State v. Barada,* 57 Mo. 562 ;  *State v. Romer,* 44 Mo. 99 ;
*State v. Kurtzeborn,* 2 Mo. App. 335 ;  Wag. Stat. p. 604, §
12 to 14.   *State v. Farrell,* 6 Mo. App. 581.

*John J. Cockrell* for respondent.

Plaintiff's bond did not exempt him from paying the officers for their services rendered at his request until the termination of the cause in this court. Section 5595, Revised Statutes of 1879, (Wag. Stat. 1872, p. 618, § 1,) gives the officer the right to issue the fee bill. 3 Cent. L. J. p. 201. The practice in English courts was to pay all costs in advance, and the judgment for costs was that the plaintiff (or defendant) "Have and recover of the defendant (or plaintiff) his costs and charges in this behalf expended." This is still the form of our judgment and not that the officers of court and witnesses recover, etc. It shows that the party recovering was supposed to have paid all costs made by him. The fee bill protects the officer unless the court issuing it had no jurisdiction of the subject matter of the action on which it was based. *Howard v. Clark,* 43 Mo. 344.

NORTON, J.—This was a suit instituted in the circuit court of Johnson county upon the bond of defendant, Emmerson, as sheriff of said county. The petition contained two counts, in the first of which it is alleged that defendant committed a breach of his bond in seizing and selling a certain mule of plaintiff, by virtue of a fee bill issued by the clerk of the Johnson county circuit court and delivered to said sheriff; that said fee bill was for the fees of said clerk in making out and certifying to the Supreme Court a transcript of the record of a cause tried in said Johnson county circuit court, in which relator, Fulkerson, was plaintiff and one Davenport, defendant, and from the judgment rendered in said cause said Fulkerson had appealed. It is also alleged that for this reason the said fee bill was illegally issued, and conferred no authority on the said sheriff to seize or sell plaintiff's property. In the second count plaintiff, after alleging all the facts necessary

to entitle him to the benefits of the law exempting property from sale under execution, alleged, as a breach of said bond, that the said sheriff levied said fee bill on a certain mule of plaintiff, which was a work animal and part of his team, and which was exempt from execution at the time of said levy, and that plaintiff, prior to and at said sale, demanded of the said sheriff that he release and discharge said mule from said levy, and notified defendant that he claimed and selected said property as exempt under the statute; that defendant failed and refused to give plaintiff the benefit of such exemption, but proceeded to sell and convert the mule to his own use. Defendant demurred to the first count in the petition, which was sustained, and taking issue upon the second count the cause was tried and judgment rendered for defendant, from which plaintiff has appealed, and assigns for error the action of the court in sustaining said demurrer and in giving and refusing instructions.

It is insisted by counsel that after an appeal taken by plaintiff from the judgment rendered in the said case of Fulkerson against Davenport, the act of the clerk in issuing a fee bill for his fees in making and certifying a transcript to this court was a void act, and that said fee bill being void the defendant was a trespasser in acting under it and seizing and selling the property of plaintiff. We think this position is unsound. While it is true that after an appeal has been perfected, the appellate court becomes possessed of the cause, and also true that when an appeal is allowed, if the appellant shall execute a bond as required by the statute, it operates as a *supersedeas*, and prevents the issuance of any execution to enforce the judgment appealed from, it does not therefore follow that the right of a person who has rendered services in said cause, authorized to be taxed as costs, to demand the issuance of a fee bill therefor, or the duty of the clerk of the court to issue it when demanded, is in

1. APPEAL: fee bill.

any manner interfered with.   This right is conferred and this duty is imposed by section 5595, Revised Statutes.

After refusing an instruction asked by plaintiff to the effect that if the jury believed from the evidence that 2. EXECUTION: ex- plaintiff was the head of a family, and prior emption, to be claimed when.  to the sale of said mule selected it as a part of his team, and claimed it as exempt from execution, and that defendant, after said selection, sold the same without appraisement, that they must find for plaintiff, the court, of its own motion, gave the following:  "If the jury believe, from the evidence, that plaintiff was the head of a family, and prior to the commencement of the sale of said mule, selected the mule as a part of his team, and claimed the same as exempt, and the defendant, after said selection, so made, sold the same without appraisement, the jury must find the issues for the plaintiff."   The right of a defendant whose property has been seized under execution to claim and select it as exempt from execution can be exercised by him at any time before the property is sold, and the said instruction given by the court, restricting plaintiff's right to make such demand before the sale was commenced, we think was erroneous, as under the instruction the jury were not authorized to find for plaintiff unless he claimed the property before the sale began, although they might believe that the claim was made before the property was sold.   Instruction number one asked by plaintiff, as it appears in the record, reads that if the jury believe that " defendant was the head of a family."   It is evident that the word plaintiff was intended instead of defendant, and regarding this as a mistake by the copyist, we think the court erred in refusing it and in giving the instruction above quoted on its motion.   The same objection exists to the second instruction given by the court of its own motion, and also to instruction number two given for defendant; and instruction number three, asked by plaintiff, and refused, should have been given.   *State to use, etc., v. Ba-*

*rada*, 57 Mo. 562; *State to use v. Romer*, 44 Mo. 99; Wag. Stat., p. 604, §§ 12, 14.

The court also gave an instruction to the effect that if J. M. Fulkerson bid on the mule and had the same 3. INSTRUCTIONS. stricken off to him for the benefit or use of plaintiff, then the jury must find for defendant. We fail to find in the record the evidence on which to base this instruction. J. M. Fulkerson testified that he bought the mule for himself, and not as the agent of plaintiff, nor for him; and the plaintiff testified that J. M. Fulkerson was not his agent, and that it was not bought for him, or at his request, or for his use. The instruction for the above reason (if for no other) should not have been given. Judgment reversed and cause remanded, in which all concur.