NANCY ADAMS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 15, 1885.

| 18 | 373 |
| 84 | 55 |
| 18 | 373 |
| 97 | 2169 |
| 97 | 2171 |

1. PRACTICE—EFFECT OF APPEAL AND SUPERSEDEAS AS TO COSTS.— The effect of the *supersedeas* is to prevent the issuance of any execution on the judgment appealed from. Where the right of a person to demand of the defendant in the judgment payment of any costs, rests and depends on the judgment alone, that right can be enforced only by an execution issued in pursuance of the judgment, and is, therefore, suspended by the *supersedeas*. The provisions of section 5595, Revised Statutes of Missouri (1879), have no application to such a case, but section 1016 controls and governs under such circumstances.

2. ——— COSTS IRRESPECTIVE OF JUDGMENT.—It is only when the person claiming costs is entitled to payment thereof irrespective of the judgment that section 5595 applies. By *that section, before* judgment, such person could have compelled defendant to pay such costs; and *after* judgment, even if judgment was in favor of defendant, he could have been made to pay costs made at his request. This right does not depend upon the judgment, and is in no manner affected by the *supersedeas*, which stays only further proceedings

upon the judgment. Following *State ex rel. Fulkerson v. Emmerson,* 74 Mo. 610.

Appeal from Randolph Circuit Court, Hon. G. H. Burckhartt, J.

*Reversed and remanded with directions.*

Statement of case by the court.

This was a proceeding had in the circuit court of Randolph county, at its March term, 1883, to quash a fee bill issued in the above cause, to collect certain costs against appellant after an appeal had been granted to the supreme court of this state. The motion to quash the execution is as follows :

" *To the Honorable G. H. Burckhartt, Judge of the Circuit Court of Randolph County :*

"Your petitioner, the Missouri Pacific Railway Company, a corporation duly organized, and existing as such, under the laws of the state of Missouri, would respectfully represent and show, that, heretofore, to-wit : on the fourth day of April, 1883, the clerk of the said circuit court of Randolph county, did issue a fee bill and execution, a copy of which is hereto attached, marked 'Exhibit A,' directed to the sheriff of the said county of Randolph, whereby the said sheriff is directed to levy the same upon the property of this applicant, and that said sheriff is now threatening, and is about to levy the same, according to the mandate thereof. Your applicant would further represent that said execution is predicated and issued upon a judgment of the circuit court of Randolph county, at the March term, 1883, thereof, wherein Nancy Adams was plaintiff and this applicant was defendant. Your applicant further shows and avers that the said judgment was in all things superseded and stayed, under and by virtue of the provisions of the statutes of this state, and by reason of the fact that this applicant filed, as was required by law, an affidavit and bond for appeal in said case to the supreme court of this state ; and this applicant further avers that the said

circuit court granted the appeal as prayed for in said cause to the said supreme court, and that the same is now pending and undetermined; and that this applicant also filed its bond, in conformity with the statutes, in double the amount of the judgment and costs in said case, which was duly approved by the said court, and an order made superseding said judgment and costs. Wherefore, your petitioner prays that said execution be set aside, stayed and quashed, and for such other relief as may be right and proper."

This motion to quash the fee bill aforesaid, was filed May 21, 1883.

The defendant fully established the facts alleged in the above motion by the evidence introduced by him. There was no other evidence introduced. The court overruled the said motion to quash the fee bill or execution, and adjudged the defendant liable for the costs therein contained. The defendant has brought this proceeding to this court by appeal.

The fee bill was in the usual form and embraced costs from the institution of the suit before the justice of the peace, before whom it was brought, up to and including the item of cost for the making of the transcript of the record to be sent to the supreme court.

ADAMS & BOWLES, for the appellant.

I.   Was the clerk authorized to issue a fee bill for and command the sheriff to collect all the costs which had accrued, including the fees (clerk's, sheriff's and witnesses') after the judgment had been *appealed* from to the supreme court, and a bond filed and approved by the court rendering the judgment? Section 3713, Revised Statutes of Missouri (1879), provides for the stay of execution in such cases, and the bond required covers damages and *costs*.

II.   But it is claimed that under section 5595, Revised Statutes of Missouri (1879), the appeal only acted as a *supersedeas* so far as the *damages* are concerned, and that an execution may issue for the *costs*. No such

construction can be put upon that section. The person chargeable with costs is the one at whose instance the services were rendered, and may be collected of such person after the term at which they were rendered, *whether before judgment or after it.* *Steele v. Wear*, 54 Mo. 535; *Carroll v. Hardy*, 21 Mo. 69.

III. The clerk, *when demanded*, can only issue the fee bill against the party for whom the services were rendered. *State ex rel. Fulkerson v. Emmerson*, 74 Mo. 607.

IV. It nowhere appears by the fee bill and execution, or by the record, that the issuance of the fee bill in this case was ever required by any party entitled to fees. Such request is a *jurisdictional fact* and must affirmatively appear. *Colville v. Judy*, 73 Mo. 651; *Ellis v. Ry. Co.*, 51 Mo. 200; *R. R. Co. v. Campbell*, 62 Mo. 585.

No brief on file for respondent.

Opinion by HALL, J.

The single question presented here is, what effect has the *supersedeas*, provided by statute upon the execution of an appeal bond, upon the right of a person who has rendered services in the case, for which costs may be taxed, to demand payment therefor.

The effect of the *supersedeas* is to prevent "the issuance of any execution to enforce the judgment appealed from." *The State ex rel. v. Emmerson*, 74 Mo. 610. Where the right of a person to demand of the defendant in the judgment, payment of any costs rests and depends upon the judgment alone, that right can be enforced only by an execution issued in pursuance of the judgment, and is therefore suspended by the *supersedeas*. It is clear that the provisions of section 5595 of the Revised Statutes have no application to such a case. Section 1016 controls and governs under such circumstances. It is only when the person claiming costs is entitled to payment thereof, irrespective of the judgment, that section 5595 applies. Before judgment, by reason of that

section, a person, entitled to costs for services rendered at the request of defendant, could, in the manner provided in such section, have compelled the defendant to pay such costs. After judgment, even had the judgment been in favor of defendant, the defendant could have been thus made to pay costs made at its request. Although the defendant has duly appealed from the judgment rendered against it in the original suit, it is bound to pay all costs incurred by it individually. This right of the person entitled to costs to demand payment in such cases does not depend upon the judgment, and is, therefore, in no manner affected by the *supersedeas*, which stays only further proceedings upon the judgment.

As we understand the case of *State ex rel. v. Emmerson, supra*, it supports the views herein expressed.

It, therefore, follows, that in so far as the fee bill contained items of costs for which the defendant was made liable only by the judgment against it, from which it had appealed, the motion to quash should have been sustained ; and that as to those items of costs incurred for services rendered at the instance or request of defendant, and for which, therefore, defendant was primarily liable, irrespective of the said judgment, the motion to quash was properly sustained.

The judgment of the circuit court is reversed, and this proceeding is remanded for further action by the said court in accordance with this opinion. All concur.