G. WEINRICH, Respondent, v. F. H. KOELLING, RE-
CEIVER, Appellant.

St. Louis Court of Appeals, February 23, 1886.

| | |
|---|---|
| 21 | 133 |
| 35 | 157 |
| 21 | 133 |
| 40 | 638 |
| 21 | 133 |
| 47 | 272 |
| 21 | 133 |
| 125m462 | |
| 21 | 133 |
| 84 | 57 |

1. EXEMPTIONS—PRACTICE.—A debtor's claim of exemptions should be made when the property is seized or threatened to be seized for the payment of his individual debts, and not before.

2. ———— RECEIVERS—CO-PARTNERSHIP.—The taking charge of property by a receiver for the purpose of winding up a co-partnership estate, is not a seizure or a threatened seizure for the payment of the individual debts of the co-partners.

3. ———— LIENS—INDIVIDUAL LIABILITIES.—Moneys in the hands of a co-partnership receiver, conceded to be the individual funds of one of the co-partners, and not subject to any lien, may be assigned by the owner for the payment of his individual creditors.

4. ———— JUDGMENTS.—General judgments by the individual creditors of a member of a firm who has money in the hands of the co-part-nership receiver, are not a lien on such money.

APPEAL from the St. Charles County Circuit Court,
W. W. EDWARDS, Judge.

*Affirmed.*

THEO. BRUERE and T. F. MCDEARMON, for the ap-
pellant: The right of a head of a family to claim ex-
emptions of property from seizure and sale under legal
process is a personal privilege, and it can not be assigned.
*Osborne v. Schutt,* 67 Mo. 712; *Abernathy v. Whitehead,*
69 Mo. 28; *Terry v. Wilson,* 63 Mo. 493. The head of a
family can not claim exemptions out of proceeds of the
property, but must claim them out of specific property,
before sale, under process. Rev. Stat., sects. 2343, 2346,
2347; *The State ex rel. v. Emerson,* 74 Mo. 607; *Casebolt
v. Donaldson,* 67 Mo. 308; *Butt v. Green,* 29 Ohio St.
667; *Frost v. Shaw,* 3 *Id.* 270; *Bowman v. Smiley,* 31
Pa. St. 225; *Hutchinson v. Campbell,* 25 *Id.* 273;

Thompson on Homesteads & Exemptions, bottom p. 667, sect. 839, and authorities there cited.

C. Daudt, for the respondent.

Rombauer, J., delivered the opinion of the court.

This is an intervening petition, filed by the plaintiff in a suit brought by John A. Koelling against Ernst H. Weinrich, for the settlement and winding up of the co-partnership of Koelling & Weinrich.

Ernst H. Weinrich, being in embarrassed circumstances, fled in 1883. His co-partner, John A. Koelling, thereupon instituted the main action, and F. H. Koelling was appointed receiver of the co-partnership. He took charge of the assets and proceeded to wind up the affairs of the firm, and it stands admitted by the record that at the date of the filing of this intervening petition there was in his hands a sum exceeding three hundred dollars as individual assets of Ernst H. Weinrich, which is to be applied either in payment of the claim of George Weinrich, intervenor, or to the part payment of the claims of Ernst H. Weinrich's individual judgment creditors, as the law applicable to the facts may determine.

After Ernst H. Weinrich fled, a number of his individual creditors instituted attachment suits against him, but the record fails to disclose whether any of his property was attached in said suits, or whether any of the attaching creditors intervened, either before or after judgment, in the action pending to wind up the co-partnership of Koelling & Weinrich.

General judgments against Ernst H. Weinrich were obtained in the attachment proceedings. The date of such judgments is not shown by the record, but they were obtained, presumably, before the intervening petition, now under consideration, was filed.

In May, 1884, the fugitive, E. H. Weinrich, returned. Being indebted to his father, who is the plain-

tiff in this proceeding, he signed the following writings:

"I, E. H. Weinrich, being the head of a family, hereby claim in lieu of property exempt from execution, the sum of three hundred dollars.

"E. H. WEINRICH."

"Know all men by these presents that I, E. H. Weinrich, for value received from George Weinrich, do hereby assign and transfer unto said George Weinrich all my claims to property exempt from execution under the laws of the state of Missouri, and more especially my claim to property or money in the hands of F. H. Koelling, receiver of E. H. Weinrich & Bro. and Koelling & Weinrich, exempt from execution or attachment.

"E. H. WEINRICH.
"ST. CHARLES, Mo., May 1, 1884."

These papers being delivered to the plaintiff, he filed his intervening petition in the main action, praying the court to make an order upon the receiver to pay him the three hundred dollars. The judgment creditors of E. H. Weinrich, as well as the receiver, resisted this petition, but the court made the order as prayed for. Hence this appeal.

Upon the trial, besides the facts hereinabove mentioned, the following facts appeared: That E. H. Weinrich was the head of a family, and in October, 1883, when he fled, owned other property, presumably exceeding three hundred dollars in value, besides his interest in the firm assets, but at the date of his making the claim of exemption, and assigning it to his father, in May, 1884, he owned no other property.

A number of instructions were asked by the receiver and the creditors, and refused by the court. The refusal of these instructions is assigned for error.

The proceeding was one incidental to the suit in equity to wind up the partnership, and raised no issue

entitling either party to a jury trial. For this reason we can not review the correctness of the action of the court in giving and refusing instructions. Nor is this, in fact, essential, as all the testimony is preserved in the record, as there is no substantial conflict in the testimony, and the judgment of the court, necessarily, is a mere conclusion of law.

If the judgment were treated as resting exclusively on E. H. Weinrich's claim to exemption, the plaintiff's claim would fail, because the record fails to disclose that this money was ever seized, or threatened to be seized, for the payment of the assignor's individual debts. The seizure of the property by the receiver was one to subject it to the payment of the partnership liabilities only. While it remained partnership property, E. H. Weinrich could claim no exemption therein, because in this state no right of exemption is recognized in partnership property. *The State ex rel. v. Spencer*, 64 Mo. 355. When it ceased to be partnership property, and became the individual property of E. H. Weinrich, in the hands of the receiver, then E. H. Weinrich could claim no exemption therein, until there was either a seizure, or a threatened seizure, of the property to subject it to the payment of his individual debts.

On the other hand, if the property was neither seized nor attempted to be seized for the payment of E. H. Weinrich's individual debts, prior to the assignment made by him to the plaintiff, then the plaintiff is clearly entitled to the judgment in his favor. The record admits that the money in the hands of the receiver is E. H. Weinrich's individual property, and also admits that three hundred dollars of it was assigned to the plaintiff. As the assignment was made in good faith, in part payment of a *bona fide* debt, it was unquestionably valid, as against E. H. Weinrich's individual creditors, regardless of the fact whether the property was exempt from execution.

The fact that the individual creditors of E. H. Weinrich had obtained general judgments against him did not prevent him from making a valid assignment of his personal property, in good faith, to other creditors, in payment or part payment of their claims. If the individual judgment creditors of E. H. Weinrich desired to raise the question which is now attempted to be raised by the record, they should have intervened in the main suit by petition or motion, in order to secure some lien on this specific fund. Their judgments gave them no lien upon it, nor any right to have the fund subjected to the payment of their claims. Before they actively intervened in some manner they have no standing in court to resist the plaintiff's claim.

We have not overlooked the fact that the record contains an admission that the money in the hands of the receiver, "if not partially applied to the payment of the within claim of three hundred dollars, was to be applied to the individual creditors of said E. H. Weinrich." It is not clear what this admission means. But it would not materially affect the result, even if we were justified to assume that it refers to the contesting individual judgment creditors herein, and that it concedes that they have some status in resisting the plaintiff's claim, by virtue of some lien on the fund in controversy, although such lien is undisclosed by the record. Freeman on Executions, sect. 218, note 6, and cases cited; Thompson on Hom. & Ex., sect. 835, and cases cited.

All the judges concurring, the judgment is affirmed.