R. H. WOOLDRIDGE, Respondent, v. JACOB RENTSCHLER, Appellant.

Kansas City Court of Appeals, May 20, 1895.

1. **Roads and Highways:** WIDENING: JURISDICTION: OVERSEER. The circuit court has jurisdiction to widen public roads, and, when its order in proper form comes to the hands of an overseer, it is not his duty to examine into the regularity of the proceeding leading to the order.

2. ———: ORDER: UNCERTAIN. An order for widening a road is considered and held to be sufficiently certain, since a commissioner's plat and report make it clear what the overseer was to do.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED.

*John Cosgrove* for appellant.

(1) Public roads in this state are required to be not less than thirty feet wide, nor more than sixty feet. 2 R. S. 1889, sec. 7793; *Hughes et al. v. Murmod et al.*, 121 Mo. 98; *Zeibold v. Foster*, 118 Mo. 349. This being true, it was the duty of appellant to keep the road the width required by law. And he had the legal right to remove all encroachments which reduced it below its statutory width. *State ex rel. v. Buhler*, 90 Mo. 568, 569. Section 7807 in Revised Statutes, 1889, is the same in substance as section 6941 of Revised Statutes, 1879. (2) If no authority was vested by the statute in the appellant, as overseer of the road district, to remove the respondent's fence, the order of the county court was sufficient to protect him in doing so, and grading the road on the line marked and staked out by the county surveyor. Notice was given of the presentation of the petition to widen the road as required by section 7797, the same as if the application was for a new road, or to change an old one. This gave the court jurisdiction over the respondent and the subject-matter. Elliott on Roads and Streets, 514; *Dougherty v. Brown*, 91 Mo. 30 (Subdivision 2); *Railroad v. Story*, 96 Mo. 621; *Railroad v. Town Site Co.*, 103 Mo. 469; *Cory v. Railroad*, 100 Mo. 282. (3) The whole record and not the judgment alone, shows the court's jurisdiction. *Cloud v. Inhabitants, etc.*, 86 Mo. 357; *Adams v. Cowles*, 95 Mo. 501. Where a plat is referred to, it becomes a part of the instrument referring to it. 106 Mo. 231; Elliott on Roads and Streets, 293; *Sutherland v. Holmes*, 78 Mo. 399; *Jester v. Spurgeon*, 27 Mo. App. 477; *Lingo v. Burford*, 112 Mo. 149; *Crenshaw v. Snyder*, 117 Mo. 167. (4) It is held that an officer acting as a road overseer will be pro-

tected if the way is described so that it can be located on the correct line by a competent surveyor, and there is jurisdiction to make the order, although the proceedings may not be regular. Elliott on Roads and Streets, 293; *Yeager v. Carpenter*, 8 Leigh (Va.), 454; R. S. 1889, sec. 7793. (5) The process in this case was "fair on its face." The court had exclusive jurisdiction of the subject-matter and also had jurisdiction of the person of the respondent. *Savacool v. Boughton*, 5 Wend. 170; *Milburn v. Gilman*, 11 Mo. 64; *Turner v. Franklin*, 29 Mo. 285; *Rousey v. Wood*, 47 Mo. App. 465.

*W. G. Pendleton* and *Draffen & Williams* for respondent.

(1) Under the pleadings and evidence in this case the appellant must rely upon this order alone. *State ex rel. v. Buhler*, 90 Mo. 568. (2) Proceedings to widen a public road are required to be in all respects the same as for establishing new roads. R. S. 1889, sec. 7793. The sufficiency of the order under which appellant justifies must, therefore, be tested by the law regulating the exercise of the right of eminent domain. (3) The certified copy of the county court's order issued to the overseer was unnecessary and a mere matter of convenience. Revised Statutes, 1889, relating to the establishment and opening of new roads, is substantially the same as the provisions of Act, 1883, page 201, relating to the same matter under township organization. As to the order to open the road. R. S. 1889, sec. 7800. (4) On the part of the respondent it is contended that the judgment is void upon its face because it fails to locate the road. The description of land taken in condemnation proceedings should

be such that it can be located readily and with certainty. *Beardslee v. French*, 7 Conn. 125 (18 Am. Dec. '86); *Zeibold v. Foster*, 118 Mo. 355; *Rousey v. Wood*, 47 Mo. App. 471; *State v. Parsons*, 53 Mo. App. 138; Lewis on Eminent Domain, p. 680, sec. 511; *Moll v. Benckler*, 30 Wis. 584; *Butler v. Barr*, 18 Mo. 357.

ELLISON, J.—This is an action of trespass, wherein defendant was charged with having torn down plaintiff's fences and ploughed and ditched his land. Defendant justified by answering that he was road overseer for the district in which plaintiff's lands were situated, and that he committed the acts complained of, as such officer, under an order of the county court, ordering him to widen the road which ran between plaintiff's land and that adjoining. The judgment below was for plaintiff.

It appears from the record that this case originated from a difficulty about a road, which, it appears, some persons in its neighborhood concluded had been encroached upon by plaintiff. How the road was originally acquired by the public, or what its original width was, does not appear. It does appear, though, that proceedings were instituted, before the county court, to widen it. These proceedings appear to be such as would be proper for widening a road that was found to be too narrow as originally laid out. That process seems to have been invoked, as a means of setting plaintiff's fences off of the road, already of a proper width as a road, but which had been encroached upon by the alleged unwarranted acts of plaintiff. Notice of the presentation of the petition was regularly given, and the county court ordered a survey by the surveyor. The survey was made and duly reported to the county court. Plaintiff was then notified by proper notice to

remove his fence to the limit as established by the survey. Having refused to do so, the county court issued an order to defendant, as road overseer, which was duly delivered to him, to proceed to open the road and report his action to the court. It was in executing this order that defendant committed the acts for which the suit was begun. There is no pretense of any malice, or improper conduct, on the part of the defendant, further than executing this order.

Our opinion is that the plaintiff can not maintain this action. The county court has general jurisdiction to open or widen public roads. It therefore had jurisdiction of the subject-matter in the proceeding which resulted in the order to defendant to widen the road in controversy. It issued its order to defendant and he merely obeyed the order. It was not for him to examine into the regularity of the proceeding leading to the order. *Butler v. Barr*, 18 Mo. 357; *Walker v. Likens*, 24 Mo. 298; *Melcher v. Scruggs*, 72 Mo. 406.

But it is a part of plaintiff's contention, that the process under which defendant acted was void for uncertainty and, therefore, afforded him no protection. We think this is not supported by the record. The order of the court delivered to defendant recited that the court had ordered the road widened according to the survey made by the county surveyor, and directed defendant to "proceed to widen said road within thirty days from the date of this order, as the same was surveyed by the county surveyor and *ex officio* commissioner of roads and bridges, and report to this court at its next regular term." The plat of the survey, with the report of the surveyor was introduced in evidence, and from these (which are properly considered, for present purposes, as a part of the order to the surveyor; *Whitehead v. Ragan*, 106 Mo. 231), it is clear enough what the defendant was to do. There was no uncer-

tainty about it. Whether the county court should have acted on the report of the surveyor is not the point for consideration here. The court had jurisdiction of the matter and made an order it had power and authority to make. Defendant should not be held responsible for any error of the court. The case of *Rousey v. Wood*, 47 Mo. App. 471, arose under township organization law, and, besides, is not like this case in its facts. The judment should be reversed. All concur.