Linck v. Troll.

EDWARD C. LINCK, Appellant, v. HENRY TROLL, Respondent.

84   49
93   69

St. Louis Court of Appeals, November 28, 1899.*

1. **Action on Sheriff's Bond:** ATTACHMENT: PLEA IN ABATE-MENT: RE-TRIAL: JUDGMENT FOR DEFENDANT: EXEMP-TIONS. On a re-trial of the plea in abatement all the grounds of the affidavit for an attachment were withdrawn, except that of the fraudulent concealment, removing or disposing of his property so as to hinder and delay his creditors; there was a verdict for the defendant, no appeal, and the defendant being a married man and the head of a family, apprised the officer of his exemption rights and claimed three hundred dollars.

2. ——: ——: APPEAL AND BOND THEREFOR: SUPERSE-DEAS. Section 562, Revised Statutes 1889, as amended by Act of 1891, does not require an appeal bond in double the amount of the judgment appealed from, so when the appeal bond was filed and approved, it *proprio vigore* superseded both judgments, the one on the plea in abatement, and the one on the merits, and the court being thereby deprived of jurisdiction could not enforce the collection of the judgment by its order on the sheriff to pay the money over to plaintiff.

3. ——: ——: ——: ——: VOID ORDER WILL NOT PRO-TECT SHERIFF. The court being without jurisdiction to make the order on the sheriff to pay over the money, his paying it over must be considered as having been done with full knowledge of the law, and hence he can not justify himself by the illegal and void order of the court authorizing it.

4. ——: ——: ——. Until the ground in the affidavit for the attachment "that defendant was about to remove out of the state with the intent to change his domicile," was dismissed, the sheriff could not lawfully set off to him the exemption claimed.

5. ——: ——: ——: EXEMPTIONS: OFFICER'S DUTY. It is the duty of an officer making a levy on execution or attachment to apprise the defendant of his exemption rights and in a proper case to set off to him the same, and if he fails to do so, and the defendant is damaged, his remedy is against the officer, on his official bond, and not by appeal or motion to the court.

*The opinion held up on a motion for rehearing and not delivered.—Reporter.

6. ——: ——: ——: EXEMPTED PROPERTY SOLD: MONEY IN CUSTODY OF COURT. Where property affected with exemption rights has been sold for money which is in the custody and control of the court, the party claiming his exemptions must apply to the court for an order to pay him the required amount.

7. ——: ——: ——: CLAIM, WHEN TO BE MADE. The party claiming his statutory right to exemption must make such claim when the levy is made by the officer, or at the very latest on the day of, but before the sale is made.

8. ——: ——: ——: DEFENDANT'S REMEDY: AGAINST THE ATTACHMENT BOND. The damages suffered by defendant were occasioned by plaintiff's inserting an untruthful ground in her affidavit for the attachment, and not by reason of any fault of the officer in denying him any right under the exemption statutes, and his remedy, therefore, is on the attachment bond, and not the officer's bond.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellant.

(1) The appeal in the attachment suit operated as a supersedeas. Laws of 1891, p. 45. (2) It was the duty of defendant, as sheriff, to protect claimant in his exemption right. State v. Barada, 57 Mo. 567; State v. Barnett, 96 Mo. 140; State v. Bierwirth, 47 Mo. App. 553; Eisenberg v. Paulus, 70 Mo. App. 438. (3) But even had the court known of the claim, it could not pass on it, as such a claim, when contested, can only be adjudged in a separate suit. The sheriff at most ought to have reserved the amount of $300, and paid over to the attachment plaintiff, the balance remaining in his hands, making proper return to that effect on the order of court. Nor does the order absolutely require the payment of the recovered sum in full but says, "out of the money in his hands," which means properly ap-

plicable to this purpose and said $300 were not applicable; they were really not in the hands of defendant, but in the custody of the law for a certain purpose. At any rate, the sheriff failed and neglected to do his duty by protecting the claimant as the courts have decided he should do in the cases of Barada, Bierwirth and Barnett above cited. (4) But the decision in the Bierwirth case shows, that the attachment defendant filed several motions for such purpose, which were properly overruled. And in the case at bar the defendant had no notice of such motion made after his appeal had been granted. Robert v. St. Louis Merch. Land Imp. Co., 126 Mo. 469. And, therefore, appellant claims that the court erred in modifying his declaration of law in this manner and refusing it as prayed. State v. Taylor, 3 Mo. App. 351, specially 355,357. "If the sheriff paid the money over to a stranger to the proceeding, under the order of the court, the sheriff did so on his own responsibility. The action of the circuit court, in making such an order, was beyond its powers. * * * The court acted beyond its authority when * * * it thus interfered with the due course of its own final process."

*Frederick A. Wind* for respondent.

(1) At the time Linck filed his claim with the sheriff, he was not entitled to have the same allowed, because it was alleged in affidavit for attachment that Linck was about to leave the state with intent to change his domicile. R. S. 1889, sec. 539. No other claim was ever filed. (2) The order of the court, requiring the sheriff to pay attachment plaintiff was fair on its face, and issued from the court out of which the attachment writ came. Hence the sheriff was bound to obey it and is protected in so doing. R. S. 1889, secs. 3246, 3243, 548; Milburn v. Gilman, 11 Mo. 64; Turner v. Franklin, 29 Mo. 285; Alexander v. Eberhart, 35

Mo. 481; Howard v. Clark, 43 Mo. 344; Glasgow v. Rouse, 43 Mo. 479; Melcher v. Scruggs, 72 Mo. 406; Perry v. Gill, 36 Mo. App. 686; Rousey v. Wood, 47 Mo. App. 465; Merchant v. Bothwell, 60 Mo. App. 341; Wooldridge v. Rentschler, 62 Mo. App. 591. In Melcher v. Scruggs, 72 Mo. 406, the court said: "It was not the duty of the constable to go behind the warrant to inquire whether a proper or any affidavit had been filed. It was a search warrant issued by a justice of the peace, who had jurisdiction over the subject-matter, and as there was nothing on the face of the warrant to show it had been improperly issued, it was a protection to him in the proper execution of the process." Appellants contend here that the court had no jurisdiction, and its order was void. Jurisdiction is thus defined by our supreme court in Leonard v. Sparks, 117 Mo. 103: "It appears that the proceeding was one of a class which the mayor and circuit court had power to hear and determine. It was a case involving the use of that judicial power committed by law to those functionaries. They had jurisdiction of the subject-matter, according to the principles declared in many decisions." If the court issuing the order had jurisdiction to issue orders of that nature, then the officer obeying it is protected by it, unless some fact showing want of jurisdiction appears affirmatively on the face of the process. Discussing the question, Judge Wagner said, in Glasgow v. Rouse, 489: "If jurisdiction did not exist, the whole proceeding would be void, and no person could justify under it. But to have this effect it would be necessary that the writ, process or warrant should disclose the defect." In Turner v. Franklin, 29 Mo. 285, Judge Napton said: "The officer has no right to look into the record of the suit or examine the validity of the judgment. His duty is simply obedience to the mandate of the writ; and if on the face the writ shows

jurisdiction of the court from which it issued, the officer is protected in executing it."

BLAND, P. J.—On July 26, 1895, Annie Mahner commenced a suit by attachment in the St. Louis Circuit Court against Edward C. Linck and wife. One of the grounds set forth in Mrs. Mahner's affidavit for attachment, was that "Edward C. Linck is about to remove out of the state of Missouri with the intent to change his domicile." A writ of attachment was issued and delivered to the sheriff, by virtue of which he levied upon a lot of wall paper, oil-cloth, etc., found in Linck's store in the city of St. Louis. The attached property being of a perishable nature, the court ordered its sale by the sheriff before the return day of the attachment writ. By the sale the sheriff realized $1,272.16, and duly made return of the order of sale to the court. Linck filed a plea in abatement to the affidavit of attachment. The issues on this plea were tried by a jury, who returned a general verdict sustaining the attachment. Linck defended the suit on its merits, but lost here also, and a judgment for $989.10 was recovered against him. From the judgment sustaining the attachment and on the merits he appealed to this court, giving an appeal bond in the sum of $100, the amount fixed by the court to cover costs.

The appeal bond contained the statutory conditions prescribed by section 2249, Revised Statutes 1889, for appeal bonds. The trial judge designated the bond as a bond to cover the costs of the appeal, granted no supersedeas, but on motion of Mrs. Mahner's attorney ordered the sheriff to pay her or her attorney the full amount of the judgment ($989.10) out of the proceeds arising from the sale of the attached property. The sheriff in obedience to this order paid Mrs. Mahner's attorney the full amount of her judgment and applied balance of proceeds of sale to payment of

costs. This court at its March term, 1897, reversed the judgment of the trial court on Linck's plea in abatement and remanded the cause (Mahner v. Linck, 70 Mo. App. 380). On a retrial of the plea in abatement the judge withdrew from the consideration of the jury all of the grounds set forth in the affidavit of Mrs. Mahner, but one, to wit, that of fraudulent concealment, removing or disposing of his property, so as to hinder and delay his creditors. The verdict on this ground was found for plaintiff Mahner. No appeal was taken. Linck was a married man and the head of a family, and was apprised of his exemption rights by the sheriff making the levy, whereupon he claimed $300 of the proceeds of the sale of the property; the sheriff refused to allow or to pay the claimed exemption, giving as an excuse therefor that the affidavit for attachment alleged that he (Linck) was about to remove out of the state with intent to change his domicile. Linck brought this suit against the sheriff on his official bond, alleging that the sheriff had wrongfully deprived him of his exemption rights. The sheriff by his answer justified his action by the order of the trial court directing him to pay over the money to Mrs. Mahner. The issues were submitted to the court, sitting as a jury, who found for the defendant. Plaintiff Linck duly appealed.

I. The contention of appellant is, that the appeal taken by him in the Mahner suit and the giving of an appeal bond in the penal sum of $100, acted as a supersedeas of the judgment, and that the order of the circuit court to pay the money to Mrs. Mahner was without authority and void. The correctness of this contention depends upon a proper construction of section 562, Revised Statutes of 1889, as amended by Acts of 1891 (Sess. Acts 1891, page 45). That section is amended, after providing when and from what an appeal may be taken, further provides that "either party

giving such bond for that purpose as the court may require;
and any such appeal shall operate as a supersedeas of the
judgment or judgments appealed from." The bond given
in this case was such an one as the court required and oper-
ated as a supersedeas of both judgments, the one on the plea
in abatement and the one on the merits. Section 2249, Re-
vised Statutes 1889, which requires an appeal bond to be for
at least double the amount of the judgment appealed from to
authorize the court to make an order of supersedeas, has no
application to appeals from judgments in attachment suits.
Attachments are special and extraordinary proceedings, and
the procedure is governed by the attachment act. When,
as in this case, ample security for the judgment appealed
from was in the custody of the court in the form of cash,
there would be no reason to require the appellant to give
bond in double the amount of the judgment, and our legis-
lature wisely clothed the trial court with power to fix the
amount of the bond, and the Act of 1891 does not require
an appeal bond in double the amount of the judgment ap-
pealed from, as does the general practice act, nor does it
require the court to make an order staying the execution of
the judgment as in ordinary cases, but declares that where
the bond is given, it shall operate as a supersedeas. When,
therefore, the bond was filed and approved, it *proprio vigore*
superseded both judgments, the one on the plea in abate-
ment, and the one on the merits, and the court was without
jurisdiction to enforce the collection of the judgment by its
order on the sheriff to pay over the money to Mrs. Mahner.
Burgess v. O'Donoghue, 90 Mo. 299; Oberkroetter v. Lueb-
bering, 4 Mo. App. 481; Adams v. Railroad, 18 Mo. App.
373; State ex rel. v. Dillon, 98 Mo. 90. The court being
without jurisdiction to make the order to pay, the sheriff is
supposed to have known it, and he can not justify his action
by pleading this void order. Town of Warrensburg v.

Miller, 77 Mo. 56; Wooldridge v. Rentschler, 62 Mo. App. 591; St. L. & S. F. Ry. Co. v. Lowder, 138 Mo. loc. cit. 536.

II.    Because the affidavit alleged as one of the grounds of attachment, that Linck was about to remove from this state with intent to change his domicile, the sheriff was justified in denying him the statutory exemptions.    His right to claim and receive $300 worth of personal property as exempt depended on an adjudication in the cause to the effect that the above ground for the attachment was untrue, and until such an adjudication was made in his favor the sheriff could not allow the claim.    When his right of exemption was established and became known to the sheriff the attached property had been converted into money by order of the court, and the money was thereafter held by the sheriff as receiver, subject to the order of the court.    Sec. 548 and 550, R. S. 1889; Young v. Kellor, 94 Mo. loc. cit 592, 593; Nelson Distilling Company v. Hubbard, 53 Mo. App. loc. cit. 30.    It was therefore not within the power of the sheriff to allow and pay the exemption out of the proceeds of the sale, without an order of the court directing him so to do.    But appellant contends that Linck could not make an application to the court for his exemption; that the court had no authority under the statute to set off the exemption.    The statute concerning exemptions, makes it the duty of the officer making a levy on execution or attachment, to apprise the defendant of the exemption rights, and in a proper case to set off to the defendant such property as is by law exempt. If he fails to do his duty in this regard and the defendant is damaged thereby, his remedy is against the officer on his official bond and not by appeal or by motion to the court from which the writ issued.    But where, as in this case, property or funds out of which a defendant is entitled to the statutory exemptions comes into the custody

and control of a court, before the officer, except at his own risk, could set apart the exempt property, where else is it possible for him to apply for his exemption but to the authority which has the possession and control of its proceeds? In Marchilden v. O'Hara, 52 Mo. App. loc. cit. 526, 527, it was held by this court that a defendant could appear in court and claim as exempt from execution, money which had been paid into court by his garnishee. Of necessity the law can not be otherwise. Appellant further contends that if the claim could have been made to the court, then as he had notified the sheriff of his claim it was the duty of that officer to make the claim for him to the court. The appellant, to avail himself of his statutory right of exemption, was bound to make the claim when the levy was made by the officer, or at the very latest, on the day of but before the sale was made. Garrett v. Wagner, 125 Mo. 450; Osborne v. Schutt, 67 Mo. 712; Weinrich v. Koelling, 21 Mo. App. 133; Stotesbury v. Kirtland, 35 Mo. App. 148; Alt v. Bank, 9 Mo. App. 98; State ex rel. v. Emerson, 74 Mo. 607; Drake on Attachment, sec. 244a. Appellant made his claim to the officer in due time, but at a time when, on account of the allegation in the affidavit for the attachment, that plaintiff was about to remove out of the state with intent to change his domicile, the officer could not recognize the claim. Sec. 384, R. S. 1899; The State to use, Schnerr v. Laies, 46 Mo. 108; Stein v. Burnett, 43 Mo. App. 477. To have done so would have placed the officer in the attitude of defending against one of the alleged grounds for the attachment, and of assuming the risk of the issue to be made thereon to the extent of the statutory exemption of $300. The statutes do not impose this obligation on the officer or expose him to the peril of passing on the verity of the grounds laid for the attachment in advance of a trial thereof by the court and a jury. For the payment of all damages that may be occa-

sioned by the defendant in an attachment suit, by reason of the attachment or any process or proceeding thereon, the plaintiff is required to give bond with approved security before the writ is issued. The damages which appellant alleges he has suffered were occasioned, not by the refusal of the officer to allow the exemption rights, but by the process sued out by the plaintiff in the attachment suit, under which the appellant was not entitled to take the statutory exemptions from the officer making the levy under the writ. Section 384, *supra,* and authorities cited thereunder. It was the error of the plaintiff in the attachment, by making an untruthful allegation in her affidavit by which appellant has been wronged, and not the fault or error of the officer in denying him any right, and his remedy is on the attachment bond and not on the bond of the officer. It would have been proper and regular for the officer to have returned appellant's claim of exemption with his return of the writ of attachment for the information of the court, but as the appellant made no application to the trial court for his exemption, he was not damnified by the neglect of the officer to make such return, unless it was the duty of the officer to move the court to allow the exemption after the plaintiff in the attachment abandoned that part of her affidavit for attachment which alleged that the defendant (in the attachment) was about to remove, etc. No such duty is required of the officer by any statute. He was not the attorney of the appellant, nor under any obligations, officially or otherwise, to him to do more than make a true return of all process that came into his hands in the attachment proceedings. It is not alleged that he failed to do this, and we affirm the judgment. All concur.