WHITEHEAD v. RAGAN, *Appellant.*

DIVISION TWO.

1. **Deed:** RECITALS REFERRING TO PLAT. When an authentic plat of a subdivided tract of land is referred to in a deed conveying a subdivision of such tract, the plat becomes as much a part of the deed as if fully incorporated in it.

2. ——: ——. The particulars of the description in the plat are not, however, conclusive as to the correctness of such description.

3. ——: DIVISION LINE: QUESTION FOR JURY. Where the line between lots was located upon the land when it was surveyed and subdivided, and such line can be ascertained and determined, it will constitute the true division line, though it conflicts with the description in the plat and deed referring thereto, and the question of such location, where the evidence is conflicting, is for the jury.

*Appeal from Jackson Circuit Court.*— HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*M. Campbell* for appellant.

(1) The court peremptorily directed the jury to find the issues for the plaintiff, thereby usurping the province of the jury. *Barry v. Otto,* 56 Mo. 177; *Moore v. Pieper,* 51 Mo. 157; *Durkee v. Chambers,* 57 Mo. 575; *St. Vrain v. C. B. L. Co.,* 56 Mo. 590; *Wilson v. Board of Ed.,* 63 Mo. 137; *Smith v. Stokes,* 76 Mo. 178. (2) The court refused instructions 1 and 2 asked by defendant, thereby refusing to say that plaintiff must prove his case, and show title. 2 Greenl. Ev., sec. 303; Adams on Eject. 33; *Large v. Fisher,* 49 Mo. 306; *Ford v. French,* 72 Mo. 250; *Dunlap v. Henry,* 76 Mo. 107. (3) By the refusal of instructions, numbered 3 and 4, asked by defendant, the court erred under the terms of Revised

Statutes, section 3219. (4) The court refused defendant's instruction, numbered 5, thereby refusing to say that the actual subdivision of the land by corner stones set up at the original location of the lot, was any proof of that fact. *Dolde v. Vodicka*, 49 Mo. 98 ; 1. Washburn on Real Prop. [ 1 Ed. ] 635 ; *Orrick v. Bower*, 29 Mo. 210 ; *Evans v. Temple*, 35 Mo. 494 ; *Myers v. St. Louis*, 82 Mo. 307 ; *Kronenberger v. Hoffner*, 44 Mo. 185 ; *Rutherford v. Tracy*, 48 Mo. 325. ( 5 ) The court refused defendant's instructions, numbered 6, 7, 8 and 9, thereby refusing to say that possession by adjoining proprietors for eighteen years, according to limits defined by corner stones, set out at the original survey and at once agreed to and accepted by the owners as boundaries, was any proof of boundaries against plaintiff. *Blair v. Magenis*, 16 Mo. 273 ; *Tanner v. Kellogg*, 49 Mo. 118 ; *Turner v. Baker*, 64 Mo. 218 ; *Acton v. Dooley*, 74 Mo. 63 ; *Jacobs v. Mosely*, 91 Mo. 457 ; *Kincaid v. Dorney*, 47 Mo. 337. The court erred in overruling the motion for new trial.

*Milton Moore* and *E. G. Vaughan* for respondent.

( 1 ) The court committed no error at the trial of this cause in directing the jury to find for respondent. *Boland v. Railroad*, 36 Mo. 485 ; *Charles v. Patch*, 87 Mo. 450 ; *Nolan v. Shickle*, 3 Mo. App. 300. ( 2 ) The appellant herself was a party to the recorded plat, and, in its execution by her, duly adopted all that was therein set forth. She spread the plat on the public records that all who in the future had anything to do with the property might be governed and controlled by such record. ( 3 ) The respondent bought the lot, relying upon the plat, and with no notice of any boundaries other than those thereupon exhibited. ( 4 ) The deeds and the plat to which the deeds refer are to be construed together, and the description in the plat is, by such reference, incorporated into the deeds. *Rutherford v.*

*Tracy,* 48 Mo. 325 ; *St. Louis v. Ferry Co.,* 15 Mo. App.
227 ; *Brown v. Walker,* 11 Mo. App. 226 ; *Jones v. John-
ston,* 18 Howard ( U. S. )151 ; Devlin on Deeds [ Ed. 1887 ]
sec. 1020 ; *Bond v. Fay,* 12 Allen (Mass. ) 86 ; *Drew v.
Swift,* 46 N. Y. 204 ; *Davidson v. Arlege,* 88 N. C. 326.

MACFARLANE, J.—The contest in this case is over
the location of the division line between lots 1 and
4 of Kritzer and Ragan's subdivision of a part of the
east half of the northwest quarter of section 21, town-
ship 49, range 33.

About the year 1870 defendant, Mary Ragan, and one
Virginia Kritzer, being the owners of the whole tract,
had it subdivided into seven lots numbered from 1 to 7.
A plat of the subdivision was made and recorded. The
dimensions of each lot and the area were marked on the
plat. Lot 1 is designated on the plat as a parallelogram,
eleven and thirteen-hundredths chains north and south,
five and thirty-four-hundredths chains east and west, con-
taining five and ninety-four-hundredths acres. This lot
lay in the northwest corner of the tract. Lot 4 lay south
of and adjoining lot 1, but extending six and sixty-six-
hundredths chains further east. The north and south
line on the west side of lot 4 as marked on the plat was
eight and seventeen-hundredths chains, and the lot con-
tained twelve and ninety-two-hundredths acres.

On the first day of September, 1870, defendant con-
veyed, by quitclaim deed, to Virginia Kritzer, all her
interest in lots 1, 5 and 6, reciting in the deed that lot
1 contained five and ninety-four-hundredths acres, " as
will appear by reference to the recorded plat of said sub-
division." March 17, 1885, Virginia Kritzer and hus-
band conveyed to Larkin and Blackmar, by warranty
deed, lot 1 under the following description : " Lot num-
ber 1 in Kritzer and Ragan's subdivision of the east half
of the northwest quarter of section 21, township 49,
range 33, containing five and ninety-four-hundredths
acres more or less, including thirty feet roadway."

April 22, 1886, Larkin and Blackmar conveyed, by warranty deed, to plaintiff Whitehead, "lot 1 in Kritzer and Ragan's subdivision in east half of the northwest quarter, section 21, township 49, range 35, in Jackson county, Missouri." When he purchased he was not shown the corners of the lot, but was referred to the plat for quantity, courses and distances.

At the time of plaintiff's purchase, lots 1 and 4 were included in one inclosure. Soon thereafter defendant built an east and west fence, as she claimed, on the north line of lot 4 for the purpose of a separate inclosure of that lot. Plaintiff claims that this fence is about thirty-five feet too far north and included that quantity of lot 1, to recover which this suit is prosecuted.

An accurate measurement of the north and south line of plaintiff's lot 1, commencing at defendant's fence, shows an unquestioned shortage of thirty-four and fifty-eight-hundredths feet as compared with the whole length of the lot as shown on the plat. All the foregoing facts were shown by plaintiff, and are not disputed.

Defendant offered evidence which tended to prove that, when the subdivision was made, stones were planted to mark the four corners of lot 1; that, after she conveyed her interest in lot 1 to Kritzer in 1870, the line between the stones planted for the southwest and southeast corners of lot 1 was adopted by them as the true division line between lots 1 and 4, and was so recognized and used until plaintiff purchased lot 1; that the north and south lines of the subdivision on the west side were fifty-one feet shorter than was shown by the plat; and that the division fence was on the line so marked, held and recognized.

The circuit court, upon this evidence, directed a verdict for plaintiff, thus holding that the courses and distances, indicated upon the plat, should prevail over the lines actually surveyed and corners established.

I. When an authentic plat of a subdivided tract of land is referred to in a deed conveying a subdivision

of such tract, the plat itself, in legal construction, becomes as much a part of the deed as if it had been fully incorporated in it. *Dolde v. Vodicka*, 49 Mo. 100; 2 Devlin on Deeds, sec. 1022.

II. While the deeds, under which plaintiff claims title to lot 1 in the subdivision, must be construed as describing the land conveyed as being of the full length shown by the plat, it does not follow that the particulars of the description contained in the plat are conclusive of the correctness of such description. The plat is only intended to be a representation of the actual survey as made upon the land itself. It is in the nature of a certified copy of an instrument which will be controlled by the original. So it is held, "where there are no express calls that determine a line with certainty, evidence *aliunde* is admissible to show where the line was actually run to which the deed refers, or to which it must have reference; and its location so fixed, by extrinsic evidence, will control the courses and distances named in the deed or in the survey. The right to prove the true line of the survey to which the deed refers, and which it follows, does not depend upon the rules applicable to ambiguities in written instruments. * * * It is not a question of construction but a question of fact." *Kronenberger v. Hoffner*, 44 Mo. 185. So in *Dolde v. Vodicka*, 49 Mo. 98, the court says: "Had this [lot] been so staked out in the original survey, there would be no difficulty, for the division of the lines of the lots would then have been actually located, and the location must govern."

It is a well-settled rule of construction that known and fixed monuments will control though they conflict with the courses and distances called for in the deed. *Myers v. St. Louis*, 82 Mo. 373; *Orrick v. Bower*, 29 Mo. 210; *Evans' Adm'r v. Temple*, 35 Mo. 494; 3 Wash. Real Prop. [4 Ed.] 405. While natural monuments are regarded of higher value in determining

boundaries than artificial ones, the latter will also control courses and distances. "The order of applying descriptions of boundaries is, *first*, to natural objects; *second*, to artificial marks; *third*, to courses and distances given in the deed." 3 Wash. Real Prop. [4 Ed.] 405.

If the line between lots 1 and 4 was located, upon the land when surveyed and subdivided, and can now be ascertained and determined, that line will constitute the true division line between the lots though it conflicts with the description given in the plat.

Where the boundary line was actually located was a question for the jury, the evidence tending to prove a conflict between the calls in the deeds and plat, and the survey as located on the land. The court committed error in directing a verdict for plaintiff, and in refusing to submit the issue of fact to the jury.

Reversed and remanded. All concur.