The CITY OF MEXICO, Missouri, a Municipal Corporation (Plaintiff), Respondent,

v.

Cecil C. BAYSINGER and Oma Ercel Baysinger (Defendants), Appellants.

No. 29999.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

Don C. Carter, Sturgeon, for appellants.

Lon J. Levvis, Mexico, for respondent.

JOHN C. CASEY, Special Judge.

This is an appeal from a judgment enforcing collection of a special tax bill issued against appellants' property for improvement of streets alleged to front or abut their residential lot.

For clarity the parties will be referred to as plaintiff and defendants, the capacities in which they appeared at the trial.

The City of Mexico, a city of the third class, paved and improved two intersecting streets, Quantico Road and Buchanan Street, under provisions of Section 88.507 et seq. RSMo 1949, V.A.M.S., and its orders, resolutions and ordinances. On completion of this work, the city issued special tax bills therefor, due November 13, 1952, assessing $3.00 per front foot against the lots fronting or abutting both streets. Defendants' property, located at the northeast corner of such intersection, was known, and is hereafter referred to, as lot 24. One Bradley, a prior owner of lot 24, shortly after receiving the special tax bill, and on November 25, 1952, offered to pay to the city clerk the assessment for the improvements of the 101 feet of Quantico Road on which said lot 24 fronted, but refused to pay any part of the assessment for the 140 feet of lot 24 alleged to be abutting on Buchanan Street. Bradley contended then, and at the trial testified as a witness of defendants, that said lot 24 did not abut Buchanan Street because an unimproved area, over 20 feet wide, through which ran a deep drainage ditch, separated the entire 140 feet of the southern line of lot 24 from the guttering, curbing and paving improvements of Buchanan Street.

The issues were tried by the Circuit Court of Audrain County, without a jury (by consent of counsel) and on June 25, 1957, judgment was entered in favor of plaintiff, City of Mexico, and against defendants, for the full amount of the tax bill, $723 (241 feet at $3 per foot) together with interest thereon at the rate of 6 per cent per

annum from the due date, November 13, 1952, and costs.

Plaintiff has filed in this court its motion to dismiss appeal, contending that the notice of appeal filed by defendants in the circuit court is insufficient in that said notice specifies a judgment entered in this case on June 20, 1957, as the judgment from which the appeal was taken. Plaintiff points out that the only judgment shown in the record and transcript was actually rendered on June 25, 1957.

A perusal of the transcript on appeal shows that the trial was concluded on March 29, 1957, on which date the court stated: "The matter will be taken as submitted and will be taken under advisement." Judgment, as above indicated, was entered June 25, 1957. Defendants' motion for a new trial was timely filed on June 28, 1957, and moved the court "to set aside the judgment entered in this case, on *June 20th, 1957,* (emphasis supplied) in favor of plaintiff, and against the defendants," and assigned various reasons therefor.

No action was taken on such motion for a new trial within 90 days after it was filed and, therefore, on September 28, 1957, such motion was deemed denied for all purposes. Section 510.360 RSMo 1949, V.A.M.S. On September 28, 1957, the judgment became final. Section 510.340 RSMo 1949, V.A.M.S. The notice of appeal filed on September 30, 1957, recited that the defendants appeal "from the judgment entered in this case on *June 20, 1957.*" (Emphasis supplied.)

In the argument of the case this court was given an explanation of the reason for the error in stating June 20, 1957, in both the motion for new trial and the notice of appeal, rather than the correct date, June 25, 1957, as the date of the judgment. Such inadvertent misstatement is not fatal to this appeal. There was only one judgment from which an appeal could be taken, that entered on June 25, 1957, and the notice of appeal was timely filed on June 28, 1957. The motion of plaintiff to dismiss the appeal should be overruled.

Defendants have raised four points on this appeal contending that: (1) Their property did not abut on Buchanan Street and, therefore, the tax bill for such improvement is illegal, void and uncollectible. (2) The City of Mexico had no authority to institute the suit, or if brought in the name of the city, it should be to the use of the City Collector. (3) There was no evidence that the City Council had ever ordered suit brought on the tax bill. (4) The court erred in assessing interest on the tax bill from November 13, 1952, on the improvement on Quantico Road, "because there was an offer to pay the assessment for that portion of the improvement, but the City Clerk said he couldn't accept part payment of the tax bill."

The petition alleged that plaintiff, City of Mexico, was a city of the third class; that defendants were the owners of a certain lot 24 in said city; that on October 13, 1952, the city issued against said property a certain tax bill in the amount of $723 by authority of § 88.530 RSMo 1949, V.A.M.S., and the statutes referred to therein; that certain improvements consisting of curbing, guttering and paving had been made on Quantico Road and Buchanan Street in said city; that "defendants' said property is one of the properties abutting on the parts of said streets that were so improved," and the amount of said bill was defendants' proportionate share of the cost of the improvements at the rate of $3 an abutting foot; that at the time of issuance of the tax bill, said lot 24 was owned by William A. Bradley and Nadine K. Bradley, who since conveyed said property to defendants; that "said special tax bill carries on its face a purported assignment of said bill to the Mexico Savings Bank, without recourse, and said bank did have said bill, but when said former owners of said property refused to pay said bill to said bank, said City refunded to said bank all that said bank had paid said City for said bill and took back said

bill from said bank. Said City is the owner of said bill, and said City's City Collector holds said bill for collection in behalf of said City." The petition further alleged that the bill was due and payable on issuance and bore interest at the rate of 6 per cent per year from November 13, 1952; that payment had been demanded from both the former owners of said property and the defendants, but payment had not been made. Plaintiff asked judgment against defendants for the sum of $723, interest thereon at 6 per cent per annum from November 13, 1952, that said tax bill be adjudged a special lien on the property, and that the court order the sale of said property to satisfy said lien and for its costs.

In their statement of the case defendants summarized their responsive pleading as follows:

"The answer of defendants (Tr. 8–9), consists of a general denial; that the amended petition does not state a claim upon which relief can be granted; denied that defendants' property abutted on Buchanan Street, and that the amount assessed against that portion of defendants' property was illegal and void; that defendants offered to pay the tax bill pertaining to their property on Quantico Road, but the City Clerk refused to accept same; that defendants were willing to pay that portion of the tax bill covering improvements on Quantico Road, as of November 25th, 1952, the date on which they offered to pay same to the City Clerk. There was no reply filed to defendants' answer to the amended petition."

In their brief defendants state: "The most important issue in this case involves the question of whether the improvement on Buchanan Street abuts defendants' property as alleged in plaintiff's petition." We will consider this issue first.

In this respect it is the contention of the plaintiff city that since the evidence conclusively proved that defendant's property abutted the dedicated portion of Buchanan Street, along which the street was improved, for a distance of 140 feet, defendants' lot was properly assessed for the improvements, regardless of whether or not the improvements on the dedicated street, viz., the paving, curbing and guttering actually extended to the defendants' property line.

Section 88.530 RSMo 1949, V.A.M.S., under which the improvements were made and the tax bill in question was issued, provides in its subsection 3 that all applicable provisions of Section 88.507 to 88.527, "shall apply to tax bills issued in pursuance to this section." The applicable provision of § 88.507 recites that:

"The cost of paving, guttering and otherwise improving any alley and the *roadway part of any street,* that is the part between curb lines, including street intersections, shall be charged against the lots and tracts of land *fronting or abutting on the street or alley so improved along the distance improved,* in proportion to the number of fronting or abutting feet. * * *" (Emphases supplied.)

For a proper understanding of the issue presented, a more detailed statement of pertinent evidence is necessary. Defendants introduced in evidence at the trial of this cause, as their exhibit 1, a deed of dedication dated December 5, 1949, containing a duly authenticated surveyor's plat of the Lawrence M. Barnes Subdivision No. 1, in which the streets in question and the property involved are located. This deed recites that the grantors "hereby convey to the County of Audrain, State of Missouri, in trust, for public use, as provided by law, all streets in said Lawrence M. Barnes Subdivision Number One, as represented by the hereon plat of said subdivision." The surveyor's plat was referred to in such deed dedicating the subdivision, as an integral part thereof, and, therefore, such plat or survey is as much

a part of the deed as though set out in it. Dolde v. Vodicka, 49 Mo. 98. The plat itself in legal construction, becomes as much a part of the deed as if it had been fully incorporated in it. Whitehead v. Ragan, 106 Mo. 231, 17 S.W. 307. Under the circumstances, the deed of dedication may be construed as if it contained a clear, accurate and complete verbal description of the matters clearly shown by the lines, angles and figures appearing on the face of the plat, and we shall so regard it.

It plainly appears from such subdivision plat that Quantico Road, 50 feet wide, runs in a general north and south direction, and is intersected at approximately a 60 degree angle by Buchanan Street, 63 feet wide, which runs in a general northeast to southwest direction. Defendants' lot 24, located at the northeast corner of the intersection, is somewhat triangular in shape, fronting 101 feet on the east line of Quantico Road, by a depth eastwardly of 120 feet. Because of the angle at which Buchanan Street runs, the one line which serves as both the southerly line of lot 24, and the northerly line of Buchanan Street, is shown on the plat to have a length of 140 feet. The rear or eastern line of lot 24 is shown to be 29 feet.

■ The plat clearly shows that, for a distance of 140 feet eastwardly from Quantico Road, lot 24 bordered upon, and was bounded by, Buchanan Street, with nothing intervening. It was admitted in the trial below that Buchanan Street was "alongside of the lot" of defendants. It was conceded during the argument on appeal that for such 140 foot distance the property line of lot 24 adjoined the *dedicated line of Buchanan Street as shown on the plat* and that nothing intervened between defendants' property line and the north line of Buchanan Street *as dedicated to public use.* As used in Section 88.507 RSMo 1949, V.A.M.S., supra, the word abutting means adjoining, Meryl Realty Co. v. Granite-Bituminous Paving Co., 284 Mo. 329, 223 S.W. 904, 907, and "conveys the idea of bordering on, bounded by, with nothing intervening." 1 C.J.S. p. 406. Certainly defendants' lot was one of the tracts of land abutting Buchanan Street as dedicated to public use.

. In the trial below, defendants adduced evidence from William A. Bradley, prior owner of lot 24, and from photographs introduced in evidence, indicating that the improvements on Buchanan Street did not extend to the line of lot 24. When fairly considered, such evidence demonstrated that only a portion of the dedicated 63 foot width of Buchanan Street was paved, curbed and guttered; that such improved portion of Buchanan Street ran roughly parallel to the lines of the dedicated 63 feet of Buchanan Street; that the improvements, viz., the paving, guttering and curbing, did not extend to the boundary of lot 24, but that for the distance of 140 feet eastwardly from Quantico Road, there was an unpaved area varying between 21 and 25 feet in width, lying between the northern edge of the improvements and the northern line of the dedicated portion of Buchanan Street (coincidental with the south line of lot 24), and that through this unpaved, unimproved area between the north edge of the pavement and defendants' southerly property line, ran a ditch, probably used for storm water drainage, approximately 6 feet deep. The evidence clearly indicated, and it was conceded during the course of argument on appeal, that such ditch area was wholly within the limits of Buchanan Street, as dedicated by the plat attached to the deed of dedication.

No statutory provision nor court decision has been cited providing or holding that the actual concrete, asphalt or other substances constituting the pavement, gutter or curb, must actually touch the line of the owners' property abutting a dedicated street before such lot owners may be taxed for the improvements.

■ We construe the pertinent statutes, as applied to the facts of this case, to

mean that the proportionate share of the cost of the improvements shall be charged against the lots abutting Buchanan Street *as dedicated to public use,* including defendants' lot 24, regardless of the exact location of the actual pavement, guttering and curbing, when all such improvements are within the dedicated portion of Buchanan Street and along the entire 140 feet that defendants' property abutted Buchanan Street. There was no error in taxing defendants' lot 24 for such 140 feet at the rate of $3 per foot for the improvements made on Buchanan Street, and this point must be ruled against defendants.

■ Defendants next contend that the City of Mexico had no authority to institute this suit. The Civil Code provides (Section 507.010 RSMo 1949, V.A.M.S.) that, "Every action shall be prosecuted in the name of the real party in interest. * * *" Section 88.513 RSMo 1949, V.A.M.S., pertaining to tax bills issued by cities of the third class for public improvements provides, in paragraph 4:

"4. All special tax bills herein authorized shall be assignable, and *the owner, or holder of any such tax bill may enforce the collection thereof by any action in any court* having jurisdiction thereof, and in all actions thereon such tax bill shall be prima facie evidence of its own validity, of the facts authorizing its issue, and that it is a special lien on the land described in it. In any case where it becomes necessary to bring a suit to enforce the lien of any tax bill herein authorized, the lien of such tax bill shall continue until the expiration of the litigation." (Emphasis supplied.)

The tax bill in the instant case, which was attached to the petition and later introduced in evidence in the trial of the cause, stated that the paving, curbing and guttering improvement was "made by the City of Mexico, Missouri, under and in accordance with an ordinance duly pass-

ed by the Council of the City of Mexico, Missouri, on the 28th day of July, 1952."

This tax bill was payable to the city, providing that:

"The amount set out herein being the amount due the City of Mexico, Missouri, as the share of the property above described for said improvement at the rate of 3.00 per front foot of the property. * * *"

The evidence disclosed that, for value received, the tax bill was assigned to the Mexico Savings Bank on November 24, 1952. According to the testimony of John M. Cadwell, City Clerk, the tax bill was later repurchased from the Mexico Savings Bank by the City of Mexico, which again became the owner as well as the holder of the tax bill. Under the specific provisions of paragraph 4 of § 88.513 RSMo 1949, V.A.M.S., supra, the owner and holder of such tax bill was authorized to institute and prosecute suit for its enforcement. Certainly under the facts of this case, the City of Mexico, as the owner and holder of the unpaid tax bill for street improvements made by such city, was the real party in interest, and, under the applicable statutes, was authorized to institute this suit.

■ Defendants next contend that there was no evidence that the City Council had ever ordered suit brought on the tax bill citing a provision of § 88.530 RSMo 1949, V.A.M.S., which provides as follows:

"Said special tax bills, when due and after demand for payment, may be sued upon for nonpayment whenever the council shall so order."

However, the record shows that a document introduced in evidence by plaintiff, consisted of the tax bill dated October 13, 1952, and the same document, under the heading "Assignment," contained the following language:

"This Special Tax Bill may be assigned by the City of Mexico, Mis-

souri, and *any assignee or holder hereof is authorized to collect and receive payments of the same by or through any of the methods provided by law for its collection as the same matures.*

"For value received the within tax bill is assigned without recourse to Mexico Savings Bank, Mexico, Missouri, this 24th day of November, 1952.

"By Order of the City Council

"/s/ S. A. Yeargin
Mayor of City of Mexico, Missouri

"/s/ E. R. Cross
City Manager of City of Mexico, Missouri.

"Attest: /s/ John M. Cadwell
City Clerk, City of Mexico, Missouri."
(Emphasis supplied.)

This certainly evidenced the intent of the City Council to permit the tax bill to "be sued upon for nonpayment," after November 24, 1952, by any assignee or holder thereof, and constituted strong proof that the City Council did, on November 24, 1952, enter an order authorizing any holder of the tax bill to institute and prosecute a suit for nonpayment of the tax bill. There was certainly sufficient evidence for the trial court to find that the City of Mexico was the assignee, owner and holder of the tax bill and that, as such, the city was authorized by the quoted order of the Council, to sue upon such tax bill. This point is without merit and must be ruled against defendants.

Defendants' last point is that: "The Court erred in assessing interest on the tax bill from November 13th, 1952, on the improvement on Quantico Road, because there was an offer to pay the assessment for that portion of the improvement, but the City Clerk said he couldn't accept part payment of the tax bill."

The tax bill provided for payment for improvements along 241 feet of defendants' lot 24 at $3 per foot, a total of $723, and that the bill "shall bear interest at the rate of six per cent (6%) per annum from thirty (30) days after its date." There was no provision in the tax bill for payment for improvements on one street and not the other.

Defendants' witness, William A. Bradley, prior owner of lot 24, testified that he and his wife, Nadine, owned said lot 24; that on November 25, 1952, on receipt of the letter from the City Clerk advising that the city had sold the tax bill to the Mexico Savings Bank, he went to the office of John Cadwell, City Clerk, and offered to pay "all the improvements bordering on Quantico Road"; that said clerk said he "couldn't issue me a tax bill on the one street, that it was all one improvement"; and that the clerk refused to accept part payment of the tax bill. Neither Bradley, defendants, nor anyone else tendered any payment into court.

Defendants' answer, filed March 8, 1957, stated:

"* *. * and the Bradleys and defendants have at all times been ready and willing to pay for that part of the tax bill covering the improvements on Quantico Road.

"6. Further answering, defendants state that they are now willing to pay that portion of said tax bill covering the improvements on Quantico Road, as of November 25th, 1952, the date the Bradleys offered to pay the same to the City Clerk, as above stated."

Under the evidence in this case, defendants' property had a frontage of 101 feet on Quantico Road. At the assessed rate of $3 per front foot, the Quantico Road por-

tion of the assessment would total $303. Thus the testimony of Bradley and the answer later filed amounted to a proposal to pay $303 and litigate the balance, i. e., 140 feet alleged to front on Buchanan Street at $3 per foot, amounting to $420.

We are of the opinion that such fell far short of compliance with the terms of the statutes referring to prevention of running of interest. Section 514.230 RSMo 1949, V.A.M.S., provides that if *full* tender shall be made and full payment offered and refused, plaintiff shall not recover any costs. Section 514.240 referring to the stopping of interest provides as follows:

"Where tender and no deposit shall be made, as provided in section 514.-230, the tender shall only have the effect, in law, to prevent the running of interest or accumulation of damages from and after the time such tender was made."

In the instant case there was no full tender made as contemplated by § 514.230. In order to have the effect of stopping the accrual of further interest, the amount tendered must be the full amount due. City of St. Louis v. Senter Commission Co., 343 Mo. 1075, 124 S.W.2d 1180. In the instant case, the refusal of the City of Mexico to accept proffered tender of a portion of the assessment did not stop the running of interest on the amount tendered, a sum which was less than the full amount then due on the tax bill. Because of the insufficiency of the tender, the running of interest · was · not · affected thereby. Wheeler v. Cantwell, Mo.App., 140 S.W.2d 744, 747. The tax bill, dated October 13, 1952, specifically provided for interest at 6 per cent from 30 days after date and the judgment for the whole of the principal sum of $723 with interest on said sum at the rate of 6 per cent per annum from November 13, 1952, was correct.

There being no error in the record, and the judgment herein being correct, the

judgment of the circuit court is hereby affirmed.

RUDDY, P. J., and ANDERSON, J., concur.