**Louis C. PELLEGRINI et al., Appellants,**

v.

**Robert G. FOURNIE et al., Respondents.**

No. 34859.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 30, 1973.

Walter S. Berkman, Clayton, for appellants.

Lashly & Goodall, Pendleton Goodall, Jr., Brentwood, Jackson F. Adams, Clayton, for respondents.

CLEMENS, Judge.

Plaintiffs appeal from a decree denying injunctive relief. The issue: When a restrictive covenant prohibits the erection of fences "along a lot line" should an owner be enjoined from enclosing a tennis court eleven feet inside his lot lines. We say no and affirm.

In southwest St. Louis there is a pleasant residential area known as St. Louis Hills, developed as a subdivision many years ago. The lots therein are subject to an "Indenture Agreement" providing in part that *"no fence* (except such ornamental fences as may be approved in writing by the Trustees) *shall be erected along the sides* or rear line *of any lot."* (Our emphasis).

The crux of this appeal is the desire of the defendants to enclose a tennis court on their property. Backstops have been in place for some time and it was defendants' intention to complete the enclosure by fencing the sides of the court. The neighboring plaintiffs Pellegrinis and Sansones objected and filed suit, urging that defendants' fencing project violated the aforementioned restriction by being built "along the sides" of defendants' lot.

As noted, the trial court denied relief, finding that the proposed tennis court enclosure would be at least 11 feet inside defendants' lot line and concluded the fencing restriction in the Indenture was ambiguous.

■ It is well established that in construing restrictive covenants, the intent of the grantor-covenantor is controlling and is to be ascertained from the language used, viewed in light of the entire context of the instrument. Tracy v. Klausmeyer, 305 S.W.2d 84 (Mo.App.1957) [5, 6]. It is likewise settled that restrictive covenants are to be strictly construed, are not to be extended by implication to include anything not clearly expressed in them. If there is substantial doubt of their meaning, such doubt should be resolved in favor of the free use of the property. Chiles v. Fuchs, 363 Mo. 114, 249 S.W.2d 454 (1952) [4].

Given these principles, we hold the trial court's interpretation of the Indenture was correct. Plaintiffs cite several old cases defining "along," seeking to establish that defendants' tennis court enclosure was *along* the sides of his lot within the meaning of the Indenture. Coyle v. Chicago and Alton Ry. Co., 27 Mo.App. 584 (1887); Walton v. St. Louis, Iron Mountain and Southern Ry. Co., 67 Mo. 56 (1887).

Probably "along" as used in this Indenture could mean more than "exactly on" or "adjoining." It might be said that defendants' enclosure will be "along" the side of his lot in the sense of being parallel to the lot lines. Another interpretation of "fences along the sides of a lot," however, would be fences on a boundary line and not fences 11 feet inside the boundary line.

■ There being a reasonable and substantial doubt regarding the meaning of the restriction, we agree with the trial court that it must be resolved in favor of the free use of the property in question. Vinyard v. St. Louis County, 399 S.W.2d 99 (Mo.1966) [2].

Judgment affirmed.

SMITH, P. J., and McMILLIAN, J., concur.