UDO SIEBEL–SPATH, et al., Plaintiffs-Respondents,

v.

CONSTRUCTION ENTERPRISES, INC., Defendant-Appellant.

No. 41912.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 23, 1982.

Motion for Rehearing and/or Transfer Denied April 16, 1982.

Application to Transfer Denied June 14, 1982.

Jack C. Stewart and Mark S. Stoll, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P.C., Hillsboro, for plaintiffs-respondents.

Husch, Eppenberger, Donohue Elson & Cornfeld, Mark G. Arnold, Joseph P. Conran, St. Louis, for defendant-appellant.

SIMON, Judge.

This is an appeal from the Circuit Court of Washington County concerning the Deed of Restrictions and two plats of Ron-Rog subdivision in Jefferson County. Udo and Frieda Siebel-Spath, and four other married couples (plaintiffs), filed a five count petition against defendant, Construction Enterprises, Inc., a land developer, claiming damages as a result of Construction Enterprises' violations of Ron-Rog's Deed of Restrictions. Each of the counts related to the claim of each set of plaintiffs. The jury returned a $5000 verdict in favor of each set of plaintiffs and judgments were entered accordingly. The post-trial motions were overruled and Construction Enterprises appeals. We affirm.

On appeal, Construction Enterprises claims that the trial court erred in: (1) instructing the jury to determine violations of the Deed of Restrictions in accordance with the 1965 plat rather than the 1973 plat; and (2) denying its post-trial motion for judgment in accordance with its motion for directed verdict because plaintiffs failed to make a submissible case, because Construction Enterprises had the right to replat the subdivision and plaintiffs did not present competent evidence of damages arising out of the violation of the Deed of Restrictions.

In 1965, Joseph and Marie Dennis simultaneously recorded the Ron-Rog subdivision plat and Deed of Restrictions. The subdivision contained forty lots. During the next eight years plaintiffs purchased lots and built homes in Ron-Rog subdivision. All of

the plaintiffs had read and relied upon the Deed of Restrictions and plat. On September 11, 1973, the Dennises conveyed twenty remaining unsold lots to Henry Collins, the president, sole shareholder and board member of Construction Enterprises, Inc. by warranty deed referring specifically to the 1965 plat. Two weeks later, Construction Enterprises, which at that time was not the record owner of the lots, re-subdivided the lots and recorded a new plat. Approximately one week later, Henry Collins and his wife conveyed the re-subdivided lots to Construction Enterprises. The description in the warranty deed from Collins to Construction Enterprises specifically referred to the 1973 plat. In place of the remaining twenty original lots, Construction Enterprises created twenty-six smaller lots and built houses on these lots.

The central issue is whether Construction Enterprises violated the Deed of Restrictions by re-platting Ron-Rog subdivision. Although the Deed of Restrictions did not contain an express prohibition against re-platting, it did prohibit the erection of more than one house on a lot and it also prohibited the construction of any structure within five feet of the lot lines. Plaintiffs alleged that Construction Enterprises had violated these provisions with reference to the 1965 plat and caused a reduction in their property value. At trial, Construction Enterprises admitted that many of the new houses straddled the 1965 lot lines and that several of the 1965 lots now contained more than one house, but claimed that the provisions of the Deed of Restrictions had not been violated because all of the houses were within the boundaries of the lots as designated on the 1973 plat. Construction Enterprises also admitted that it violated the Deed of Restrictions by its failure to complete the construction of some houses within one year, but contends that plaintiffs failed to present evidence of damages resulting therefrom.

Construction Enterprises argues that the trial court improperly denied their post-trial motion, because the trial court's instructions were based on the premise that the restrictions prohibited re-platting the subdi-vision. The trial court instructed the jury to find for the plaintiffs if they believed the plaintiffs were damaged as a result of Construction Enterprises' building houses in contravention of the lot lines designated on the 1965 plat. Construction Enterprises contended that the 1973 plat applied and they fully complied with it.

■ Our analysis begins with a recognition of several well-settled principles of law. Restrictions on the free and untrammeled use of land are not favored by the law and will be narrowly construed. *Gibbs v. Cass*, 431 S.W.2d 662, 668 (Mo.App.1968). As our court stated in *Pellegrini v. Fournie*, 501 S.W.2d 564, 565 (Mo.App.1973):

> "[R]estrictive covenants are to be strictly construed, are not to be extended by implication to include anything not clearly expressed by them. If there is substantial doubt of their meaning, such doubt should be resolved in favor of the free use of the property."

This principle however, should not be used to defeat the plain and obvious restrictions. *Bouncristiani v. Randall*, 526 S.W.2d 68, 72 (Mo.App.1975). The primary objective in construing a restrictive covenant is to ascertain the intent of the grantor-covenantor. To accomplish that objective requires that we consider all of the governing instruments within the totality of the circumstances to determine the status of the 1965 plat. *Pellegrini, supra* at 565.

■ All of the deeds conveying lots to the plaintiffs in Ron-Rog subdivision are virtually identical, therefore we need only examine the Siebel-Spath's deed. The deed conveyed property described as "[a]ll of Lot # 39 in Ron-Rog Estates, a subdivision in Sections 1 & 2 of Smith's Subdivision in U.S.Sur.301–T. 43–R–5 Plat Book 34, page 6." The 1965 plat was recorded in Book 34, on Page 6. The deed also noted that the property was [s]ubject to Easements and Restrictions." By virtue of the reference to the plat in the legal description of the lot, the plat is considered as a part of the deed. *City of Mexico v. Baysinger*, 313 S.W.2d 166, 169–170 (Mo.App.1958), *Lindsay v.*

*Smith*, 178 Mo.App. 189, 166 S.W. 820, 822 (1914). The plat is "as much a part of the deed as if it had been fully incorporated in it." *Whitehead v. Ragan*, 106 Mo. 231, 17 S.W. 307, 307 (1891).

The 1965 plat is a comprehensive plat of Ron-Rog subdivision. All the dimensions of all the lots are laid out, as are building lines and streets. Several utility easements are also noted. Finally, the plat declares, "[a]ll property in this subdivision shall be subject to the restrictions as set out in [the] Deed of Restrictions relating thereto."

The Deed of Restrictions here evidences the covenantors' intent that the 1965 plat and the Deed of Restrictions be read together. The references in the Deed of Restrictions to the 1965 plat are much more than mere recitals for the general purpose of describing the land. In fact, it is impossible to discern the meaning of the restrictions without referring to the 1965 plat. In its first paragraph, the Deed of Restrictions declares that the Ron-Rog subdivision has been subdivided and platted as shown by the 1965 plat. The restrictions state: "No building shall be located on any lot nearer to the front lot line than the minimum building set back lines as shown upon the plat of said subdivision . . ." The restrictions further state: "The Drives as shown upon the plat of said subdivision are hereby dedicated to the use of the property owners in this subdivision to be used for road purposes, subject however to the easements as set forth on said plat." Additionally, the Deed of Restrictions refers to several lots by their lot number as designated on the 1965 plat. Furthermore, the Dennis' certification on the 1965 plat specifically refers to the Deed of Restrictions.

■ All of these facts lead us to conclude that the covenantors (Joseph and Marie Dennis) intended the 1965 plat to be an integral part of the Deed of Restrictions. Construction Enterprises' re-platting of the Ron-Rog subdivision circumvented both the clear intent and terms of the Deed of Restrictions. Thus, the trial court was correct in instructing the jury to determine violations of the restrictions with respect to the 1965 plat. The trial court correctly denied Construction Enterprises' motion for new trial on this point.

■ The trial court also correctly denied Construction Enterprises' motion for judgment in accord with its motion for directed verdict. We have already held that the trial court correctly instructed the jury to consider evidence of Construction Enterprises' violations of the 1965 plat. There was ample evidence that Construction Enterprises' construction of houses in contravention of the 1965 plat damaged all five sets of plaintiffs.

■ Construction Enterprises' final point is that plaintiffs presented insufficient evidence of damages arising from its failure to finish its houses within a year to support a jury verdict. The trial court submitted five identical verdict directors. Each one contained three disjunctive acts. They instructed the jury to find for the individual plaintiffs if they believed either that Construction Enterprises built houses within five feet of the lot lines as shown on the 1965 plat, or that Construction Enterprises built more than one house on a lot as shown on the 1965 plat, or that Construction Enterprises failed to complete the construction of houses within one year. The verdict directors also required the jury to find that one or more of these acts was a substantial violation of the Deed of Restrictions and that as a result plaintiffs were injured.

■ There was sufficient evidence adduced at trial to support all three of the acts submitted in the verdict directors. MAI–2d 17.02, Notes on Use, 2. Likewise, there was substantial evidence on which the jury could reasonably have based their damage award.

Judgment affirmed.

SATZ, P. J., and SMITH, J., concur.