Henry LUNNEMANN, James Spencer, and Anton Niemeyer, Trustees for St. Louis Hills Estate No. 2, Appellants,

v.

Karl and Donna HLAVATY, Respondents.

No. 48427.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 22, 1985.

Stephen H. Gilmore, St. Louis, for appellants.

William F. James, St. Louis, for respondents.

CLEMENS, Senior Judge.

Suit in equity to restrain construction of a fence.

Plaintiff subdivision trustees sought to restrain defendant home owners from building a five foot high ornamental fence around the back yard of their homesite, built to keep in their dog. Plaintiffs contended this violated a building restriction. The trial court denied the injunction and trustees appeal.

The facts are uncontroverted. Defendants described their building plans to their attorney and after he had considered the platted restrictions he advised them the proposed construction did not violate the restrictions. Plaintiff promptly had the fence built; this restraining action followed.

The fence enclosed the back part of defendants' lot. It ran six feet inside the two sides of their back yard and one foot inside the rear side thereof. These three sections joined against the rear of defendants' home.

Plaintiff trustees rely on an ordinance declaring "no fence ... shall be erected along the sides or rear line of any lot...."

"Restrictions on the free and untrameled use of land are not favored by the law and will be narrowly construed."

*Udo Siebel-Spath v. Construction Enterprises,* 633 S.W.2d 86 [1–4] (Mo.App.1982).

The restrictive language here is the same as that recited in *Pellegrini v. Fournie,* 501 S.W.2d 564 [1, 2] (Mo.App.1973). There, plaintiff sought to restrain defendant home owners from building a fenced-in tennis court within the sides of their lot. The trial court there denied an injunction. In affirming our court ruled:

"It is likewise settled that restrictive covenants are to be strictly construed, are

not to be extended by implication to include anything not clearly expressed in them. If there is substantial doubt of their meaning, such doubt should be resolved in favor of the free use of the property."

We hold the trial court did not err in denying injunctive relief.

CRANDALL, P.J., and CRIST, J., concur.