Robert V. FREGALETTE, et ux., Appellants,

v.

Harold H. MEYER, et al., Respondents.

No. 49395.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 13, 1985.

Gael Davis Wood, Washington, for appellants.

David L. Baylard, Union, for respondents.

CLEMENS, Senior Judge.

Plaintiffs appeal from a declaratory judgment for defendants entered on the parties' stipulated facts. The case concerns plaintiffs' contention that restrictions declared in their deed did not apply to them. The trial court held otherwise and plaintiffs have appealed. We affirm.

The original restrictions were imposed in a lease between New Haven Shopping Center, Inc., as lessor and defendant Wetterau, Inc. as lessee. This was recorded in Book 326 at page 707. It declared with our emphasis:

> "Lessor agrees that during the term of said lease and any extended term thereof, neither the Lessor nor any person or entity deriving title to any property through Lessor or having any ownership interest in the leased premises shall rent, lease or give occupancy of any property now or hereafter owned or controlled by or leased to them *for use as a retail grocery, meat market, delicatessen or bakery within a 2000 foot radius of the leased premises.*"

The property later conveyed by deed to plaintiffs by defendant Meyers lies outside but within 2000 feet of the New Haven-Wetterau tract. Defendant Meyers' deed to plaintiffs Fregalette declared:

> "Subject to restrictions contained in instrument of record in Book 326, page 707, under the same terms and conditions therein set forth."

The instrument thereby referred to was the original New Haven-Wetterau lease.

As said the issue here is whether plaintiffs' deed from defendant is subject to the recited restriction. The trial court so held, declaring the restriction in the New Haven-Wetterau lease was effectively incorporated into the Meyer-Fregalette deed and was binding on the grantees Fregalette. The Fregalettes have appealed.

Appellants Fregalettes contend here that the trial court's judgment "ignored the terms of the restriction which defined what persons or entities would be bound thereby." To this respondent responds the trial court "correctly construed the language in

the deed in accordance with applicable rules pertaining to restrictive covenants."

Defendant concedes that restrictive covenants are not favored and are narrowly construed. They argue however that "this principle should not be used to defeat plain and obvious restrictions", citing *UDO Siebel-Spath v. Construction Enterprises*, 633 S.W.2d 86[1–4] (Mo.App.1982). And see *Paddock Forest Res. Ass'n. v. Ladue Serv. Corp.*, 613 S.W.2d 474[3–8] (Mo.App. 1981).

Defendant argues that the critical words in the deed to plaintiffs are "subject to". The recited restriction limited the plaintiffs' use of the land. In *Fairmont Foods Co. v. Skelly Oil Co.*, 616 S.W.2d 548[5, 6] (Mo.App.1981), the court tersely ruled: "Use of the term 'subject to' in a deed conveying an interest in real property is a qualification of the estate granted." So it is here.

Affirmed.

KAROHL, P.J., and KELLY, J., concur.