KIRBY CHILES and LILLIAN CHILES, His Wife, CLYDE CHILES and MARTINE CHILES, His Wife, and BERT CHILES, Appellants, v. WILLIAM L. FUCHS, HILDA L. FUCHS, PHILLIPS PETROLEUM CO., a Corporation, JOHN SURGALSKI, THELMA SURGALSKI, PAUL ELCHINGER, LYDIA ELCHINGER, OTTO SCHEMMING, and LILLIE M. SCHEMMING, Respondents, No. 42953—249 S. W. (2d) 454.

Division Two, June 9, 1952.

*Joseph Boxerman* for appellants; *Joseph Nessenfeld* of counsel.

116

*C. Kenneth Thies* for respondents.

 TIPTON, J.—In the circuit court of the city of St. Louis the appellants filed this action seeking a declaratory judgment to ascertain if certain instruments impose any restrictions upon the use of appellants' property located on Hampton Avenue in Southwest Park, a subdivision in the city of St. Louis. All of the owners of the lots in this subdivision facing on Hampton Avenue were made defendants and as a representative class of the several hundred lot owners in this subdivision. None of the defendants answered except the Phillips Petroleum Company. It filed an answer disclaiming any knowledge or information sufficient to form a belief with respect to appellants' claim and disclaimed any interest in the subject matter of the suit. After a hearing at which none of the respondents were represented, the trial court entered a judgment finding the appellants were not entitled to the relief prayed and dismissed their petition.

At the time this tract of land was platted as a subdivision it was owned by Robert E. Rose. The plat of this subdivision was filed in the office of recorder of deeds in the city of St. Louis on March 27, 1925. This subdivision is bounded on the east [455] by Hampton Avenue, on the west by Watson Road, on the north by Marquette and on the south by Pernod Avenue. There are 9 blocks in this subdivision and 342 lots. Each block is so laid out that the longer side thereof runs east and west. The west side of blocks 1, 2 and 3 face on Watson Road, and the east side of blocks 7, 8 and 9 face on Hampton Avenue. All of the lots in the subdivision with the exception of those immediately abutting Hampton Avenue and Watson Road are laid out so they run north and south. With respect to these lots there is marked on the plat a broken line 20 feet back of the street line. This broken line is marked on the plat "20' Building Line."

In each of the blocks facing on both Watson Road and Hampton Avenue there are 7 lots. 115 feet west of Hampton Avenue there is an alley that separates the property from the remaining portion of those blocks. The lots east of this alley are so laid out that they run east and west and front on Hampton Avenue. Lots 1 to 7 inclusive of block 7, and lots 1 and 2 of block 8 are owned by appellants.

The plat of this subdivision contains no language which refers to the broken lines marked "building line" or any other restrictions.

On October 8, 1925 there was filed in the office of the recorder of deeds in the city of St. Louis an instrument executed by Robert E. Rose. By its terms there were to be restrictions on the property of this subdivision. Appellants and respondents acquired title to their property through Rose.

This restrictive instrument reads as follows:

"Whereas, Robert E. Rose, a single man, of the City of Saint Louis, State of Missouri, is the owner of 'Southwest Park' a sub-

division in the City of Saint Louis, State of Missouri, a plat of which is on file in the Recorders Office in Book 21 page 88 of the Records of the City of Saint Louis, State of Missouri and whereas, said Robert E. Rose, as a part of the consideration to induce purchasers to purchase lots in said subdivision has imposed and does impose upon each and every lot in said subdivision restrictions as hereinbefore set forth, said Robert E. Rose has conveyed some of the lots in said subdivision and in the Deed for said lots the following restriction was inserted 'Subject to conditions and restrictions to be placed of Record.' It is understood that the restrictions in this instrument shall be construed and are the restrictions referred to in said deeds, and each conveyance of any lot in said subdivision whether previous to the filing of this instrument or subsequent thereto, shall be subject to the restrictions as herein set forth: 1. No building or other structure shall be erected nearer in the street upon which it fronts; than the building lines as shown on the plat of said subdivision nor shall any building or structure be erected, the front line of which is more than six inches back of said building line, the intent of this restriction being to make all the buildings erected in this subdivision conform to the building line and have an even frontage. No fence of any kind other than hedge fences shall be erected nearer to the street than the building line. The restriction in this paragraph shall not prevent the erection of open porches to extend beyond the building line, but said porches shall extend not further than eight (8) feet beyond said line. 2. No tight board fences shall be erected on any of the lots in said subdivision except the fence paralleling the alleys which may be of tight board construction. All other fences shall be constructed of wire or wood with openings aggregating 50% or shall be hedges. 3. Lots fronting Watson Road and Hampton shall be unrestricted as to its use, subject to the laws and ordinances of the City of St. Louis. Lots 24 & 25 in Blk. 1, 22 & 23 Blk. 3, 21-22-39 & 40 in Blk. 4,1-2-19 and 20 Blk. 6, 22 & 23 Blk. 7, 20 & 21 Blk. 9, may be used for commercial purposes subject to the building line as shown on the plat. 4. No building shall be erected on any lot in Southwest Park which [456] shall contain less than three (3) rooms on the 1st floor and shall have a full size basement and must have a roof other than a flat roof when said building is less than two stories in height. 5. No building shall be erected on Potomac, Oleatha or Pernod Avenues, of frame construction but shall be of Brick or other Fire Proof Material. 6. All or any of the foregoing restrictions may be released and extinguished by written instrument executed, acknowledged and recorded as required by law for instruments effecting Real Estate by the owners of three-fourths (3/4) of the total number of front feet in said subdivision. In Witness Whereof,

on this 1st day of Oct. 1925, the party of the first part has hereunto set his hand and seal.

Robert E. Rose."

Hampton Avenue is a principal thoroughfare in the city of St. Louis and most of the buildings that face on it are commercial, while most of the buildings on the lots that face on the other streets in this subdivision are residential in character.

The appellants entered into a contract to sell lots 1 to 7 in block 7 for $95,000, but the intended purchaser refused to complete the contract for the reason a title company raised the question that there was a building line 15 feet west of the boundary line of these lots on Hampton Avenue.

To create a limitation on the fee a covenant must be created; and it is not material whether it be termed an equitable easement or a servitude or restrictive covenant. A covenant must be in writing, and the written words used must be such as will clearly authorize the inference or imputation in law of the creation of a servitude or restrictive covenant. The mere appearance of a line designated on the plat as "building line" cannot be read into the conveyances of the property subdivided as an express restriction, the effect of which would be to limit the use of and lessen the tenure by which the owners hold the lots in question. Zinn v. Sidler, 268 Mo. 680, 187 S. W. 1172. We therefore hold there is nothing on the plat of this subdivision that could legally be said to restrict the use of the lots owned by appellants.

The only remaining question is: Does the instrument executed by Rose prohibit the appellants from erecting buildings whose fronts are closer to the street than 15 feet as shown by the plat. This instrument provides that each conveyance of any lot in this subdivision shall be subject to the following restrictions: "1. No building or other structure shall be erected nearer in the street upon which it fronts, than the building lines as shown on the plat of said subdivision * * * ."

On the other hand, paragraph 3 of this instrument provides: "3. Lots fronting Watson Road and Hampton shall be unrestricted as to its use, subject to the laws and ordinances of the City of St. Louis."

If paragraph 1 of this instrument applies to the lots owned by the appellants, then no building or other structure can be built on these lots whose front line is closer to Hampton Avenue than 15 feet. On the other hand, if paragraph 3 applies, then there is no restriction as to the front building line or the kind of building that can be erected on the lots in question.

So there is a conflict between paragraph 1 and paragraph 3 of this instrument. Under these circumstances, restrictions upon the free use of real property are not favored and are strictly construed, and doubts in respect thereto are resolved in favor of the free use of the property. Zinn v. Sidler, supra; Missouri

Province Educational. Institute v. Schlecht, 322 Mo. 621, 15 S.W. 2d 770; Mathews Real Estate Co. v. National Printing & E. Co., 330 Mo. 190, 48 S.W. 2d 911, 81 A.L.R. 1039; Gardner v. Maffitt, 335 Mo. 959, 74 S.W. 2d 604, 95 A.L.R. 452. Restrictive covenants will not be extended by implication to include anything not clearly expressed in them, and if there is substantial doubt of their meaning, such doubt should be resolved in favor of the free use of the property. Mathews Real Estate Co. v. National Printing & E. Co., supra. Therefore, the doubt as to whether paragraph 1 or paragraph 3 of this instrument applies to the property facing on [457] Hampton Avenue owned by appellants must be resolved so as to give the free use of these lots; therefore, paragraph 3 governs in this case. It follows that the lots in question are unrestricted as to their use by the instrument in question.

The judgment of the trial court is reversed and the cause remanded with directions to enter a new judgment in conformity with this opinion. All concur.