**PADDOCK FOREST RESIDENTS ASSO- CIATION, INC., Plaintiff-Appellant,**

v.

**LADUE SERVICE CORPORATION, Defendant-Respondent.**

No. 42878.

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1981.

---

Richard L. Constance, Farrell & Ballman, St. Louis, for plaintiff-appellant.

Robert W. Henry, Clayton, for defendant-respondent.

SNYDER, Judge.

This is an appeal by the trustee of the Paddock Forest subdivision from the dismissal of its petition for injunction and damages for failure to state a cause of action. The dispute centers on the interpretation of the indenture of trust and restriction of the Paddock Forest subdivision which is located in St. Louis County. Specifically, the question is whether Paragraph II(7) of the indenture required appellant's prior approval of the plans and specifications for the condominiums being built by respondent in the subdivision.

Appellant's two points relied on are: (1) that as a matter of law Paragraph II(7) of the indenture requires prior approval of appellant before respondent may begin construction and (2) that if Paragraph II(7) is

ambiguous the exhibits attached to appellant's pleadings showed Paragraph II(7) of the indenture required appellant's prior approval of respondent's plans and specifications.

Given the posture of the cause, the question whether appellant has proved a right of prior approval of respondent's plans for construction is not before the appellate court.[1] Appellant's petition did, however, state a cause of action under the appropriate standard of review; and the trial court erred in dismissing the petition.

▆▆▆ Upon review of a trial court's dismissal of a petition for failure to state a cause of action, an appellate court gives the petition its broadest intendment, accepts all facts averred therein as true, construes all averments liberally and favorably to the plaintiff and determines whether the averments invoke principles of substantive law upon which relief can be granted to plaintiff. *Shapiro v. Columbia Union National Bank & Trust Co.*, 576 S.W.2d 310, 312[1] (Mo. banc 1978), *cert. denied* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979); *City of Kansas City v. Mary Don Co.*, 606 S.W.2d 411, 413–414[1] (Mo.App.1980). The petition, although imperfectly or defectively stated, is not subject to dismissal if its allegations invoke substantive principles of law which would entitle the plaintiff to relief. *City of Kansas City v. Mary Don Co., supra* at 414[1].

Appellant's brief states its petition is based primarily upon Paragraph II(7) of the Indenture of Trust and Restriction of Pad-dock Forest Addition No. 4.[2] Paragraph II is entitled "TRUSTEE'S DUTIES AND POWERS." Paragraph II(7) confers upon appellant the following right, power and authority:

"To consider, approve or reject any and all plans and specifications for any and all buildings or structures, fences, detached buildings, outbuildings, accessory buildings, swimming pools or tennis courts proposed for construction and erection on *said lots* proposed additions to such building (sic) or alterations to the external appearance of buildings already constructed, it being provided that no buildings or structures, fences, detached buildings, outbuildings, accessory buildings, swimming pools, tennis courts or other structures may be erected or structurally altered on any of *said lots* unless there shall be first had the written approval of the Trustee [appellant] to the plans and specifications therefor and to the grade proposed therefor. In the event the Trustee [appellant] fails to approve or disapprove within thirty (30) days after building plans or other specifications for fences, swimming pools or tennis courts, accessory buildings and other outbuildings have been submitted to it hereunder, approval will not be required and the applicable restrictions shall be deemed to have been fully complied with." [Emphasis added.]

The preceding subparagraphs of Paragraph II refer to "lots and dwellings," "lot owner" and "lots or property" in various contexts.

---

1. If a motion to dismiss for failure to state a claim brings out matters outside the pleadings, the trial court may treat the motion to dismiss as one for summary judgment pursuant to Rule 55.27 and may dispose of the motion as provided in Rule 74.04. However, absent some indication the trial court did treat the motion as one for summary judgment, the appellate court will rule only on whether the petition states a claim. *Shapiro v. Columbia Union National Bank & Trust Co.*, 576 S.W.2d 310, 315[2] n. 6 (Mo. banc 1978), *cert. denied* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). A motion to dismiss the petition tests the sufficiency of the petition, not the evidence, to state a claim for relief. Only those matters appearing on the face of the petition and matters which may be raised by motion are considered. *Shapiro v. Columbia Union National Bank & Trust Co., supra.*

2. Appellant's petition also asserted the indenture of trust conferred upon appellant the right to require respondent to make a reasonable deposit in connection with respondent's construction of condominium units (Paragraph II(8)) and the right to charge respondent for appellant's expenses in cleaning up rubbish and debris (Paragraph II(6)). Appellant's brief does not discuss these asserted powers, apparently upon the assumption the court's decision pertinent to Paragraph II(7) is the critical consideration.

Appellant's petition alleges Paragraph II(7) confers on appellant the power of prior approval of respondent's plans for multiple-family condominium units. It further alleges that respondent has initiated construction of condominium units without obtaining appellant's approval of plans and prays for an injunction enjoining respondent's construction and for damages.

The critical question presented by appellant's petition is whether "said lots" as used in Paragraph II(7) includes the land upon which respondent plans to construct condominium units. Respondent contends "lots" as used in the indenture refers only to lots on which single-family residences are constructed and not the land upon which multiple-family dwelling units are constructed. Appellant contends "lots" should not be given such a restricted meaning and that "lots" refers to areas where multiple-family dwellings as well as single-family dwellings will be constructed. If respondent's interpretation is correct, appellant does not have the authority to approve multiple-family dwelling plans. If appellant's interpretation is correct, appellant does have such authority.

■■■ Restrictive covenants are not favorites of the law and must be strictly construed. *Phillips v. Schwartz*, 607 S.W.2d 203, 207[3] (Mo.App.1980); *Weiss v. Fayant*, 606 S.W.2d 440, 442[1–3] (Mo.App.1980). Language used in the entire instrument, not just one clause, will be considered. *Weiss v. Fayant, supra* at 442[1–3]. If the restriction is unambiguous it is improper to inquire into the surrounding circumstances for aid in its construction. *Weiss v. Fayant, supra* at 442[4, 5]. Principles of construction should not be applied in a way to defeat the plain purpose of the restriction. *Weiss v. Fayant, supra* at 442[1–3]. However, if the meaning of a restriction is in doubt, the court must inquire into the intentions of the parties to the agreement and may inquire into the purpose which the

parties sought to accomplish and the circumstances surrounding execution of the contract. *Phillips v. Schwartz, supra* at 207[4]; *Weiss v. Fayant, supra* at 442[4, 5]. Any reasonable doubt as to meaning will be resolved in favor of the free use of the land. *Phillips v. Schwartz, supra* at 207[3]; *Weiss v. Fayant, supra* at 442[1–3].

"Lot" as used in the indenture is an ambiguous term. "Lot" as defined in the dictionary encompasses many types of parcels of land.[3] The indenture does not define "lot" or use the term with absolute consistency throughout the document. The term "lot" is often counterposed against the term "dwelling unit" in the indenture of trust. Respondent contends the term "lot" refers to a single-family residence and "dwelling unit" refers to a residence in a multiple-family structure. However, the indenture of trust sometimes uses the term "dwelling unit" to refer to both single-family and multiple-family structures. Paragraph III(1)(b) refers to a "single-family dwelling unit" and "multiple-family dwelling unit." The meaning of the term "said lots" in Paragraph II(7) is not ascertainable without regard to the circumstances surrounding the use of the word "lot."

■■■ It cannot be said that as a matter of law the indenture does not give the appellant the right of prior approval of respondent's plans. Therefore, a cause of action has been stated if appellant's allegation that respondent has violated the terms of the indenture is accepted as true, as it must be on appellate review of dismissal of a petition for failure to state a cause of action. Giving the appellant's petition its broadest intendment, it cannot be said the petition did not invoke principles of substantive law.

The trial court's order dismissing appellant's petition is reversed and the cause remanded.

CRIST, P. J., and REINHARD, J., concur.

3. Webster's Third New International Dictionary defines "lot" in regard to real property as (a) an allotment or portion of land set aside for a special purpose; (b) a measured parcel of land having fixed boundaries and designated on a plot or survey; (c) a parcel of land in fact used for, intended for, or appropriated to a common purpose; (d) a small pasture; (e) cow pen; (f) parking lot; and (g) a motion picture studio and adjoining property.