**LAKE SHERWOOD ESTATES ASSOCIATION, Respondent,**

v.

**CONTINENTAL BANK & TRUST COMPANY, Appellant.**

**No. 46296.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 14, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1984.

Paul Meredith Brown, St. Louis, for appellant.

Prudence L. Fink, Union, for respondent.

STEPHAN, Judge.

Defendant Continental Bank & Trust Company appeals from a judgment against it for assessments on sixty-four lots in Lake Sherwood Estates for the years 1977 through 1980. During this time, defendant Continental held fee simple title to the lots which were subjects of contracts for deed. The purchasers of the lots were not joined as parties, although they were known to plaintiff. The judgment also granted plaintiff association a lien on the lots which is enforceable by a sheriff's sale. We reverse and remand.

Lake Sherwood Estates is a residential subdivision development in an unincorporated area of Warren County, Missouri. Lake Sherwood Corporation originally owned Plats 1–5 and 7–30 of the development. In 1967, a Declaration of Restrictions, designating Lake Sherwood Corporation as grantor was recorded. The Declaration described only Plat 3 and provided, inter alia, for the establishment of a homeowner's association, plaintiff's predecessor,

with the authority to levy and collect assessments on the lots in the development. After multiple conveyances, Leisure Property Systems, Inc., acquired the original plats in 1971. At this time defendant acted as trustee of this property under a subdivision trust agreement, in which it held fee simple title and deeded the lots over to the purchasers when the purchase price was paid in full.

Leisure Property Systems acquired Plats 32–34 in August, 1972. These plats are adjacent to and access is available only through the original development. At that time the original developer, Lake Sherwood Corporation, had no interest in the original development nor did it ever own Plats 32–34. The 1967 Declaration of Restrictions were modified to add Plats 32–34 but Lake Sherwood Corporation remained the grantor. In that form the Declarations were again recorded on August 21, 1972. Defendant Continental acted as trustee of lots contained in Plats 32–34 under a second trust agreement and held fee simple title. Under the terms of the agreement, Continental was to deed the lots over to purchasers when the purchase price was paid in full.

In 1976, defendant acquired Plats 32–34. As trustee under the 1972 trust defendant Continental paid 1976 assessments on eighty-eight lots within Plats 32–34 but not on the sixty-four lots involved in this lawsuit. The 1976 assessments were paid on eighty-eight lots in conjunction with a bulk sale of these lots by defendant Continental to IIT Missouri Corporation. Defendant Continental retained the legal title to the sixty-four lots then under contract to purchasers. During the years 1977–1980, the homeowner's association authorized the levying of assessments on the sixty-four lots owned by defendant Continental, located in Plats 32–34. The contract purchasers and defendant Continental failed to pay these assessments for this four year period.

In 1978, defendant Continental joined IIT Corporation and others in executing an Amendment and Modification to Lake Sherwood Estates' Declaration of Restrictions. The amendment and modification "confirmed and ratified all other provisions of the 1967 restrictions." The amendment was recorded April 26, 1978.

Defendant Continental complains, on several bases, that the trial court erred in holding that the sixty-four lots were subject to the Declaration of Restrictions recorded in 1967, modified and re-recorded in 1972. Defendant argues that these particular lots were not part of the original development and are not subject to the 1976 restrictions. Furthermore, defendant asserts that the restrictions could not attach to these lots via the 1972 re-recording since Lake Sherwood Corporation, the grantor, never had title to the property.

Defendant also complains that, even if the lots became subject to the restrictions by the amendment and modification adopted in 1978, the personal judgment is unauthorized. Defendant maintains that the court should have dismissed the cause under Rule 52.04 because of the nonjoinder of the contract purchasers of the sixty-four lots who are necessary parties. Secondly, defendant claims the petition fails to state a cause of action for personal liability. Defendant Continental here argues that the assessments are, at most, debts owed by the lots and not a personal debt of Continental and, in the alternative, defendant Continental's identity with the sixty-four lots was as successor owner-developer and, by the terms of the restrictions only an owner-purchaser, not an owner-developer, is personally liable for subdivision assessments.

■■■■ We find that under Rule 52.04 the contract purchasers are necessary parties to this attempt to collect association assessments for the years 1977–1980 on their lots. Rule 52.04(a) provides:

*Persons to be joined if feasible.* A person *shall* be joined in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his

absence may (i) *as a practical matter impair or impede his ability to protect that interest,* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligation by reason of his claimed interest. If he has not been joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant. (emphasis added).

This defect may be raised at any stage of the proceedings, even on appeal. Rule 55.-27(g)(2). It was raised in the trial court. The judgment gives the plaintiff association the option to collect the assessments directly by sale of the lots and to turn the contract purchasers out in favor of purchasers of the liens. The contract purchasers were not made parties, in spite of their obvious interest in the outcome of the action. Such nonjoinder did "impair or impede" their "ability to protect that interest." Rule 52.04(a). The identities and addresses of the contract purchasers were known to plaintiff and there is nothing to indicate that it would not have been feasible to join them. They were necessary parties, and failure to join them mandates reversal, *Kingsley v. Burack,* 536 S.W.2d 7, 13 (Mo. banc 1976). Further, Paragraph 20 of the restrictions provides that the grantee, lot purchasers become and remain a member of Lake Sherwood Estates homeowner's association and become personally bound to pay to the association such annual dues and assessments as its board of directors shall fix and determine. The purchasers of lots in the subdivision, not the developer, assume personal liability for assessments. These purchasers must be made parties to the suit under Rule 52.-04(a). They are indispensible necessary parties and are entitled to an opportunity to protect their interests.

We elect to comment on defendant Continental's contention that it is an owner-developer not an owner-purchaser and therefore not personally liable for a money judgment based upon assessments of plaintiff association.

■ The law favors the free use of land and "restrictions upon the free use of real property are not favored and are strictly construed, and doubts in respect thereto are resolved in favor of the free use of the property." *Chiles v. Fuchs,* 249 S.W.2d 454, 456 (Mo.1952). Restrictions may be imposed by agreement or by an owner. Under certain circumstances reciprocal negative covenants or restrictions may be implied. None was pleaded in the present case and the circumstances required to apply that doctrine are not decisive here. See *Campbell v. Stout,* 408 S.W.2d 585, 589 (Mo.App.1966). The burden of proof rests with the proponent of the application of a restriction. *Missouri Province Educational Institute v. Schlecht,* 322 Mo. 621, 15 S.W.2d 770, 773 (1929).

■ We find that the adoption of the 1967 Declaration of Restrictions by defendant Continental and recorded in the land records of Warren County on April 26, 1978, prospectively rendered the lots then owned by it subject to the 1967 restrictions. Defendant Continental acted as a grantor-owner-developer of the lots it then owned. As to these lots defendant was a seller, not a user. The restrictions provide that the developer reserves the right to assign its rights, powers, reservations and privileges and Continental became a successor developer. "Owners" subject to assessment were defined to be persons who purchased from the developer. The developer was not, by the terms of the restrictions, an "owner" for purposes of membership in the plaintiff association. A strict construction of the restrictions leads us to the conclusion that defendant Continental is not personally liable for the assessments. This is consistent with plaintiff association's non-assessment of IIT Missouri Corporation as an owner-developer of other lots in Plats 32–34 and in lots in the original subdivision development. Defendant Continental was never an owner-purchaser as defined by the restrictions, whose direct interest was intended to benefit from the assessments in issue as a residential user.

We remand for further proceedings not inconsistent with this opinion.

SIMON, P.J., and KAROHL, J., concur.