James P. YALEM, et al.,
Plaintiff-Appellants,

v.

The INDUSTRIAL DEVELOPMENT AUTHORITY OF the COUNTY OF ST. CHARLES, et al., Defendants-Respondents.

No. 49028.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 24, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 1985.

Albert A. Michenfelder, Steven W. Koslovsky, Ziercher, Hocker, Human, Michenfelder & Jones, Clayton, for plaintiffs-appellants.

Rollings & Gerhardt, Dale L. Rollings, Eric O. Stuhler, St. Charles, for defendants-respondents.

KAROHL, Judge.

Appellants, owners and operators of the St. Charles Trails Apartments, appeal the denial of an injunction to forbid defendants from using a road which runs through the apartment complex to reach defendant's nursing home facility. Appellant claims the injunction should have been granted because a restrictive covenant limits the use of the road to multiple family uses and the nursing home is not a multiple family use. In addition appellant maintains that there was insufficient evidence to establish an easement by necessity as there are alternative accesses to defendant's property.

The apartment complex was developed according to a plat recorded on April 28, 1972 by the developers, St. Charles Associates, a partnership. At the time the plat was recorded, St. Charles Associates owned the land now occupied by the apartments and adjoining land north and east of the apartments on which defendants constructed a nursing home. Defendants began the construction of the nursing home facility in April 1981. Heavy construction equipment and construction workers traveled across Sugar Maple Lane to reach the construction site. Appellants installed a reinforced concrete barrier at the end of Sugar Maple Lane which blocked access to the construction site. Several months later defendants hired a contractor to remove the barrier and extend Sugar Maple Lane to the nursing home.

Sugar Maple Lane is currently the only paved road access to the nursing home. Brochures advertising the facility direct visitors to use Sugar Maple Lane. Appellants sought an injunction to enjoin use of the road to reach the nursing home. The trial court denied the injunction.

■ In a court-tried case we reverse the trial court order only if it erroneously declared or applied the law, or if there was insufficient evidence to support the order. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Finding no error we affirm.

Appellant maintains that the nursing home is not a multiple family and consequently the restrictions in the recorded plat do not permit the extension or use of Sugar Maple Lane for access to the nursing facility. Sugar Maple Lane was established as a "Multiple Family Access" street, a term that has never been clearly defined. Appellant argues that the neighborhood was designed for multiple family dwellings and not institutions. The recorded plat for the apartment complex states:

'Sugar Maple Lane' and 'Honey Locust Lane' of varying widths are hereby established as Multiple Family access

streets for the use and benefit of this subdivision *and for the use and benefit of properties now owned by St. Charles Associates, a limited* partnership, their successors and assigns adjoining this subdivision on the North or East. (emphasis ours)

■ "The law favors the free use of land and 'restrictions upon the free use of real property are not favored and are strictly construed, and doubts in respect thereto are resolved in favor of the free use of the property.'" *Lake Sherwood Estates v. Continental Bank,* 677 S.W.2d 372, 375 (Mo.App.1984), citing, *Chiles v. Fuchs,* 363 Mo. 114, 249 S.W.2d 454, 456 (1952). The proponent of the application of a restriction bears the burden of proving the extent and application of the restriction. 677 S.W.2d at 375.

■ We find the grantor did not intend to restrict the use of Sugar Maple Lane as a multiple family access street in regard to the property adjoining the subdivision. The grantor's intentions are clearly demonstrated by the sentence structure in the recordation: "Multiple Family access street for the use and benefit of this subdivision *and* for the use and benefit of properties now owned by St. Charles Associates, a limited partnership, their successors and assigns adjoining the subdivision on the North or East." (emphasis ours) The trial court's denial of the injunction implies that the trial court did not believe that the multiple family language applied to the adjoining property which was also owned by St. Charles Associates. We find no error in this interpretation. It favors the free use of the land by denying the limitation that the property north and east of the apartment complex could only be developed for multiple family use and not for any other use permitted by zoning. There was no evidence St. Charles Associates intended the restriction which it authored to require the land now occupied by defendant's nursing home to be developed only for multiple family use. This interpretation could and probably would limit the value of the undeveloped land. Further, there was no evi-

dence that the present use has created a traffic problem in excess of that which would have occurred if apartments were constructed on defendant's land. Accordingly, such evidence or some other is unavailable to explain why St. Charles Associates would have intended the more restrictive covenant. The burden of proof was upon the plaintiff to convince the court and overcome doubt. Our study of the record reveals no substantial evidence that St. Charles Associates intended the restriction urged by plaintiffs and rejected by the trial court.

Finding no error in the trial court judgment, we affirm.

CRIST, P.J., and PUDLOWSKI, J., concur.