**H.B.I. CONSTRUCTION, INC.,**
Plaintiff/Appellant,

v.

**David GRAVIETT,**
Defendants/Respondents.

No. 67251.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Aug. 1, 1995.

Leslie Ann Yoffie, St. Charles, Ellsworth Cundiff Jr., St. Charles, for appellant.

Dan Dildine, Troy, Scott C. Harper, Clayton, for respondents.

WHITE, Judge.

H.B.I. Construction, Inc. (Buyer) appeals from the judgment entered by the trial court dismissing all counts of Buyer's petition and finding for respondents (Trustees) on their counterclaim.

On June 12, 1992, Buyer purchased property in a subdivision, Emerald Green Estates (Subdivision). Emerald Green Investment

Corporation, Inc. (Seller) referred to the property in the recorded General Warranty Deed as "lots, tracts or parcels of land." The land was described by "metes and bounds" and contained no specific reference to "lot" numbers.

A plat has never been recorded for the subdivision. The Restriction Indenture (Indenture), Dedication Agreement, Well and Road Easements were filed with the County Recorder's Office (County).

In 1992 and 1993, the Emerald Green Home Owner's Association (Association) levied assessments against Buyer in accordance with the Indenture. Buyer failed to pay annual assessments of $2,250. Association filed a lien against Buyer's property.

Buyer filed a petition for declaratory judgment and slander of title against Trustees as current or former Trustees of the Association. Trustees filed a counterclaim for the $2,250 in assessments.

This cause was submitted on a Stipulation of Facts (Stipulation) in which the parties agreed: the Indenture was recorded; Buyer's property is described in a recorded deed and is within or part of the property described in the Indenture; and Trustees filed liens against Buyer's property per the requirements of the Indenture. The trial court found from the writings and documents it was "most clearly inferable" the Indenture was intended to be binding upon all successors. The court dismissed Buyer's petition and entered judgment for Trustees on their counterclaim. Buyer appeals.

■ This court is required to sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, when the parties agree to submit a case upon a stipulation of facts not involving the resolution by the trial court of conflicting testimony, the only question before the court is whether the trial court drew the proper legal conclusions from the stipulated facts. *State ex rel. Wolfhole, Inc. v. Scott*, 880 S.W.2d 908, 909 (Mo.App.E.D.1994). When the par-

ties at trial stipulate as to a fact in issue and the stipulation becomes part of the record, "it is binding upon the parties and the court in a subsequent trial of the same action provided the stipulation is not limited specifically to the initial proceeding." *Howard v. Missouri State Bd. of Educ.*, 847 S.W.2d 187, 191 (Mo.App.S.D.1993).

■ In its sole point on appeal, Buyer asserts: 1) the assessments are invalid as they are levied by reference to "lots" when the land in question was never subdivided into "lots" on a recorded plat but rather, was described by "metes and bounds" in its deed; 2) the Indenture restricts the free use of its land; 3) application of the Indenture to its land would be by implication; and 4) the Indenture is inapplicable to its real property in accordance with § 89.450 RSMo 1986.

■ When a restriction is ambiguous, a court will inquire into the purpose the parties sought to accomplish and the surrounding circumstances. *Paddock Forest Res. Ass'n. v. Ladue Serv. Corp.*, 613 S.W.2d 474, 477 (Mo.App.1981). To aid in the construction of an unambiguous restriction, it is improper to inquire into the surrounding circumstances. *Id.* Since the Indenture in the case at bar is not available for review, we cannot examine the entire document to determine if the term "lots" is ambiguous. The parties did, however, stipulate to certain material facts.

While Buyer alleges its property is not a "lot" or "lots" and bases its claim on this assertion, Buyer nevertheless used "lots" in the Stipulation when referring to its land. Stipulation 4 provides "defendants, as Trustees under the ... Indenture, have made assessments on nine lots at a rate of $250 each for 1992 and 1993." Stipulation 8 provides: "Plaintiff's deed includes lots 10–9, 10–A, 9–A, 15–A, 16–A, 17–A, 13–A, 19 and 25 of unrecorded plat of Emerald Green Estates." The parties further stipulated the Indenture expressly provided for assessments against "lots" in the subdivision. Buyer's deed also uses the term "lots, tracts or parcels of land" to refer to Buyer's property. As a result of using the term "lots" in the Stipulation when referring to its property and failing to challenge the use of the term in

its deed, Buyer essentially acknowledges the term "lots" is a general term used to refer to parts of the land acquired by the June 12, 1992, deed, which, when taken as a whole, constitutes all land so acquired.

A "lot" of real property encompasses many types of parcels of land and has been defined as:

> (a) an allotment or portion of land set aside for a special purpose; (b) a measured parcel of land having fixed boundaries and designated on a plot or survey; (c) a parcel of land in fact used for, intended for, or appropriated to a common purpose; (d) a small pasture; (e) cow pen; (f) parking lot; and (g) a motion picture studio and adjoining property.

*Paddock Forest Res. Ass'n. v. Ladue Serv. Corp.*, 613 S.W.2d 474, 477 n. 3 (Mo.App. 1981). On the other hand, "metes and bounds" are defined as terms of measurement used to draw boundary lines between parcels of real property. Black's Law Dictionary 991 (6th ed. 1990). Simply describing a parcel of land as a "lot" without providing a numerical description would prove ineffective for survey or conveyance purposes. The specific "metes and bounds" numerical description in the deed in no way affects the general "lot" description used in the Indenture because "metes and bounds" is a term of measurement which describes a parcel of property whereas "lots" is a general term which refers to a parcel of property.

■ Not only does Buyer erroneously dispute the meaning of the term "lots" and allege the Indenture's assessment provisions are invalid, Buyer expects to continue benefitting from the road and well easements without paying the assessments. Missouri law provides in § 442.390 RSMo 1986:

> Every ... instrument in writing, certified and recorded ... shall, from time of filing the same with the recorder ... impart notice to all persons of the contents thereof and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice.

The Indenture was recorded in October 1984. In 1992, eight years after the Indenture was recorded, Buyer purchased real estate in the subdivision and has identified in the Stipulation the nine lots at issue. The statute clearly provides if a document is duly recorded, subsequent purchasers are deemed to have notice. Regardless of whether Buyer had actual notice of the Indenture, Buyer had constructive notice of the Indenture as it was recorded with the County.

Buyer as a corporation in the business of purchasing and selling property could have reviewed the County's books prior to purchasing the lots to determine whether any instruments pertaining to the subdivision existed. The assessment provisions of the Indenture apply to Buyer's land because Buyer: (1) had notice of the Indenture; (2) stipulated its land is within the area described in the Indenture; and (3) referred to its property in the Stipulation and identified by number nine "lots".

■ Buyer also contends the Indenture restricts the free use of its land. That is not legally true. In *Lake Wauwanoka, Inc. v. Spain*, 622 S.W.2d 309, 312 (Mo.App.1981), plaintiffs petitioned the court to amend an indenture which provided for the annual levying of assessments against lot owners. *Id.* This court refused to rewrite the covenants while noting appellants erroneously referred to the covenant in issue as a restrictive covenant. *Id.* This court opined the covenant could be more accurately described as an affirmative covenant or equitable servitude which evidenced a promise to perform an affirmative act, the payment of an assessment. *Id.*

The present case, is analogous to *Lake Wauwanoka* as the Indenture provided for the annual levying of assessments. *Id.* The provision in question in no way restricts Buyer's use of its property. The Indenture in this case could, like the covenant in *Lake Wauwanoka*, be characterized as an affirmative covenant to pay assessments. The covenant does not impose a duty to refrain from acting in a defined manner. For example, the covenant does not prevent Buyer from building designated structures or conducting business on the land. Thus, Buyer's assertion it is being restricted from freely using its land is without merit.

Buyer argues the application of a covenant referencing a "lot" designation would be by pure implication because no recorded document which subdivides the property into "lots" exists. Buyer relies upon the rule Missouri's courts will not extend restrictive covenants by implication to include anything not clearly expressed in them. *Chiles v. Fuchs*, 363 Mo. 114, 249 S.W.2d 454, 456 (1952).

The document at issue in *Chiles* contained two conflicting paragraphs, one which restricted the owner's use of his property and another which contained no restrictions. *Id.*, 249 S.W.2d at 456. The court held the restrictive covenant will not be extended by implication to include terms which were not clearly expressed in the covenant and in such cases the dispute must be resolved in favor of the free use of the land in accordance with the instrument. *Id.* at 457.

Buyer misapplies *Chiles* to the present case where the dispute involves the definition of a term in a recorded document and not conflicting provisions in a single document. Buyer asserts there is no recorded plat, therefore, any application of the Indenture to its land would be by implication. However, the document in question is not a plat but rather, the Indenture which is recorded. Furthermore, the term "lot" in the Indenture is not being extended by implication or otherwise. Buyer identified nine "lots" in the Stipulation. It applied the term as broadly as did Trustees to refer to "parcels" or "tracts of land." If substantial doubt regarding the meaning of the term "lots" existed, Buyer would not have referred to its property in the stipulation as "lots". Buyer's assertion the Indenture is being extended by implication is without merit.

Buyer also asserts the Indenture is inapplicable to its property because § 89.450 RSMo 1986 prohibits the sale of land in a municipality when no plat has been approved by the council or recorded with the county. A violation of this statute provides the municipality with certain remedies, however, nothing in the record indicates Buyer raised this issue at trial. "A point not raised in the proceedings below may not be raised on ap-

peal." *Estate of Munzert*, 887 S.W.2d 764, 769 (Mo.App.S.D.1994).

This court finds all legal conclusions were properly drawn by the trial court. The decision of the trial court is affirmed.*

GRIMM, P.J., and KAROHL, J., concur.

---

* Trustee's motion for damages pursuant to Rule 84.19 is denied.